In 1921 the legislature passed chapter 56, Session Laws of 1921, for depositories for public funds, and thereafter the county of Mountrail, under and by virtue of the said law, designated the Farmers State Bank at Sanish, N.D., The Scandinavian American Bank at Van Hook, N.D., and the Blaisdell State Bank at Blaisdell, N.D. as county depositories. Section 2, page 109 of said chapter 56 provides:
"Before any deposit shall be made in any depository by or in behalf of any of the corporations enumerated in § 1 of this act, such depository shall furnish a bond payable to the public corporation making such deposit, in an amount that shall at least equal the largest deposit that may at any time be in such depository; said bond shall be in conformity *Page 792 
to a form prescribed by the Attorney General and the amount and sufficiency by the board or governing body of such corporation."
This is the only provision in the act relating to the bond. It does not attempt to fix the conditions of the bond more than to say, that there shall be a bond in an amount that shall at least equal the largest deposit that may at any time be in such depository; said bond shall be in conformity to a form prescribed by the attorney general, and the amount and sufficiency by the board or governing body of such corporation. Each depository executed with sureties a bond, prepared or approved in form by the attorney general, and in amount and sufficiency by the board of county commissioners. The bonds are exactly alike and all contain the following provisions:
"Provided, further, that the said obligee shall give notice to sureties of any default on the part of said depository in its obligation hereby secured within ninety days after knowledge of such default is had by such obligee. Notice as aforesaid shall be made by depositing in the postoffice at the principal place of business of the obligee a letter, properly stamped and addressed to said sureties, giving notice of such default."
Deposits were duly made in each of the depositories by the county treasurer of said Mountrail county, and thereafter and on default of the obligors, the plaintiff notified Jorgen Olson, John H. Werner and Fred Grams of each default, but did not notify any of the sureties on said bonds within ninety days as provided therein. Plaintiff brought action on said bonds, trying the same to the court without a jury, and the court made its findings of facts and conclusions of law in favor of the plaintiff in each case, and judgment was duly entered thereon.
The defendant Winfield N. Smart appeals in the case of Mountrail County v. Farmers State Bank, the defendants E.L. Elam, J.E. Hanold and W.N. Smart appeal in the case of Mountrail County v. Scandinavian Bank, and defendants W.N. Smart and J.E. Hanold appeal in the case of Mountrail County v. Blaisdell State Bank. The same question of law is involved in each case. The three cases are briefed and tried as one case and it is stipulated that they may be considered as one case in this court.
It is the contention of the defendants that the plaintiff violated the provisions in the bond, to notify the sureties within ninety days after *Page 793 
any default on the part of the banks. On page two of the respondent's brief it is admitted that notice of default was not given to the sureties within ninety days as provided in the bond, but it is the contention of the respondent that there is a distinction between bonds given by private individuals where both parties have full liberty of contract and bonds given pursuant to a statute as in the case at bar, for the public benefit. Respondent relies upon the case of Western Casualty Guaranty Ins. Co. v. Muskogee County, 60 Okla. 140, L.R.A. 1917B, 977, 159 P. 655, and the case of St. Louis County v. Security Bank,75 Minn. 174, 77 N.W. 817. These cases simply hold that when the statute has fixed the terms and conditions of the bond, every one is presumed to know the law, and to know that the statute has prescribed the conditions of the bond, and if any provision in the bond is in conflict with the statute the court will read into the bond the conditions named in the statute and the sureties are bound thereby.
The Oklahoma case, 60 Okla. 140, L.R.A. 1917B, 977, 159 P. 655, supra, states specifically: "The statute fixes the conditions of the depository bond, this law with all its terms no more and no less becomes a part of the bonding contract." The Minnesota case states specifically, "That all deposits are to be on demand; and every one is bound to know the law." These cases are not in point for we have no such statute in this state. Counsel for respondent on page 4 of his brief, after quoting the statute on the subject of deposit, states, "It will be noted that the statute fails to fix the terms, and conditions of the bond requiring the attorney general to prescribe the form thereof." This is an admission that there is no conflict between the statute and the bond. The attorney general is an administrative officer and the preparation of the contract or bond is an administrative act, and legal because authorized by law.
From the finding of fact it appears that Jorgen Olsen was president of the Farmer's State Bank of Sanish, the Scandivanian Bank, and the Blaisdell State Bank, and that the defendants John H. Werner, and Fred Grams were officers. That notice as provided in the bond was served by registered mail through the County Auditor on Jorgen Olsen, John H. Werner and Fred Grams, of said default, on the second day of November, 1921. It further appears that the court found as a fact that the Farmer's State Bank of Sanish was in default on July 9, *Page 794 
1921 thirty-five days after the execution of the bond. That the Scandinavian American Bank was in default in the early fall or late summer of 1921. The checks being presented at that time and payment refused, and again on December 27, 1921, on a check for $1,748.15 and a check for $107.91 on February 8, 1922. That the Blaisdell State Bank was in default on July 25, 1921, upon a check for $2,000, on September 1, 1921, a check for $616.91, on September 23, 1921, a check for $467.01. The Farmer's State Bank refused payment of $116 check on July 9th. Eighteen days later it refused payment on $55 check, five days later it refused payment of a $2,000, fifty days later they refused payment on $700 and in the meantime none of these checks have been paid. Apparently these banks did not honor any checks issued against them by the county, but nothing was done by the county, until they served notice on the officers of the bank by registered mail on the second day of November, 1921. Notice of default was not served on the defendants E.L. Elam, J.E. Hanold, and Winfield Smart as provided in the bond or at all, except that A.O. Asleson, commissioner of Mountrail county, orally notified Winfield Smart on the fourth day of April, 1922, and without the service of any other notice of any kind. The returns of the sheriff show that the summons and complaint were not served until nearly two years after default in said bonds. The county knew that Jorgen Olsen was president of all three banks, and that each bank was in default within a very short time after the bond was executed. Under § 6677, Comp. Laws 1913, a surety cannot be held beyond the expressed terms of his contract. Sec. 6678, Comp. Laws 1913, a surety contract is interpreted the same as any other contract. Under § 5898, Comp. Laws 1913, the language of a contract is to govern its interpretations, if the language is clear and explicit. Under § 5899, Comp. Laws 1913, if the contract is reduced to writing the intention of the parties is to be ascertained from the writing alone. Section 5901, Comp. Laws 1913, the whole of a contract is to be taken together so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others. There is nothing ambiguous or uncertain in the contract or bonds sued on in this action. The obligee is required to give notice to said sureties of any default on the part of said depository within ninety days after knowledge of said default. This provision is a part *Page 795 
of the contract for the benefit of the sureties and it was the duty of the obligee to give the notice as therein provided so that the sureties might protect themselves. The defaults were exclusively within the knowledge of the obligee, and the giving of notice as provided in the bond, was not a hardship nor impossible of performance. It was a failure on the part of the obligee to do something that it was required and bound to do by its contract and under the circumstances, this case is governed by the case of Long v. American Surety Co. 23 N.D. 492, 137 N.W. 41, which is decisive of this case. In this case the authorities are cited and reviewed at length, and it specifically holds that where the bond requires notice of any default in any of its terms and conditions, notice must be given to the surety, within the specified time or the sureties are released. In Guarantee Co. of N.A. v. Mechanics' Sav. Bank T. Co. 183 U.S. 402, 46 L. ed. 253, 22 Sup. Ct. Rep. 124, the following provision in a contract was held to be a condition precedent, and a failure to give notice released surety. "That the employer shall at once notify the company on his becoming aware of the said employee being engaged in speculation or gambling, or indulging in any disreputable or unlawful habits or pursuits." Dixie F. Ins. Co. v. American Bonding Co. 162 N.C. 384, 78 S.E. 430; George A. Hormel Co. v. American Bonding Co. 112 Minn. 288, 33 L.R.A.(N.S.) 513, 128 N.W. 12.
The defendants Jorgen Olsen, John H. Werner, and Fred Grams did not answer in either case. The defendant Winfield N. Smart is entitled to judgment dismissing the case of Mountrail Co. v. Farmers State Bank, as to him with costs, and the defendants Winfield N. Smart, E.L. Elam, J.E. Hanold are entitled to judgment dismissing the case of Mountrail Co. v. Scandinavian Bank, as to them with costs and the defendant Winfield N. Smart and J.E. Hanold are entitled to judgment dismissing the case of Mountrail County v. Blaisdell State Bank as to them with costs, it is so ordered.
NUESSLE, J., concurs.