KEYSTONE SCHOOL DISTRICT NO. 7 OF DICKEY COUNTY, STATE OF NORTH DAKOTA, Respondent, v. G. OSTER, JR., and J. F. Gebhardt, Appellants.

(212 N. W. 928.)

Bonds — depositaries — bond reasonably interpreted — strict terms of obligation.

1. In an action against a surety upon a depositary bond given under the provisions of chapter 56, Session Laws 1921, it appeared that the depositary bank was closed as insolvent on March 29, 1923; that a receiver was thereafter appointed in September, 1923, and the plaintiff's claim against the bank allowed in October. After the closing of the bank negotiations were had looking towards the reopening of the bank under an arrangement whereby the

Annotation.—(1) Right of surety to stand on strict terms of obligation, see annotation in 12 A.L.R. 382, 721; 21 R. C. L. 975; 4 R. C. L. Supp. 1440; 5 R. C. L. Supp. 1179; 6 R. C. L. Supp. 1297.

depositors, including the plaintiff, would accept time certificates. Such plan failing, the plaintiff made demand upon the depositary, for the full amount of its deposit, in January, 1924, immediately after which this action was brought. It is *held*, the bond must be given a reasonable interpretation, bearing in mind that sureties are favorites of the law and have a right to stand on the strict terms of their obligation.

**Depositaries — condition of bond not broken by closing bank.**

2. The condition of the bond to the effect that the bank shall well and truly account for, and pay over, to the obligee, on demand, funds so deposited agreeably to the terms of such deposits as being payable on demand or at any particular time, and shall perform all other obligations and conditions imposed by law, is not broken by the closing of the bank as insolvent, nor does the closing of the bank constitute a default within the provision in the bond stipulating for notice within ninety days.

**Depositaries — bonds — notice to sureties.**

3. It is *held,* that the finding of the trial court that the only demand made by the plaintiff was that made in January, 1924, is supported by the record and that the action was brought within the time stipulated in the bond for the giving of notice to the sureties.

Opinion filed March 26, 1927.

Bonds, 9 C. J. § 143 p. 82 n. 96. Depositaries, 18 C. J. § 59 p. 586 n. 70, 72, 77; p. 587 n. 83; § 61 p. 588 n. 6, 7, 8. Principal and Surety, 32 Cyc. p. 73 n. 21, 22; p. 74 n. 24.

Appeal from the District Court of Dickey County, *Wolfe, J.* Affirmed.

*F. J. Graham,* for appellants.

It is a well-settled doctrine that a contract of suretyship must be strictly construed in favor of the sureties and cannot be extended by implication in cases where the surety is not a surety for hire. Long v. American Surety Co. 23 N. D. 492, 137 N. W. 41.

"One who signs a bond as surety under chapter 56, Sess. Laws 1921, is a surety for the benefit of the debtor, as defined by § 6675, Comp. Laws 1913, and cannot be held beyond the express terms of his contract, as provided in § 6677, Comp. Laws 1913. Under § 6678, Comp. Laws 1913, his contract must be interpreted the same as other contracts." Mountrail County v. Farmers' State Bank, 53 N. D. 789, 208 N. W. 380.

Conditions in a bond requiring written notice of the default and limiting the time within which an action may be brought thereon are material, and compliance is a condition precedent to the right of recovery thereon. Easton v. Boston Invest. Co. (Cal.) 196 Pac. 796.

Sureties are favored in law and are entitled to stand on the strict terms of their obligations. Webb v. Lee, 181 Wis. 39, 194 N. W. 155.

*T. L. Brouillard,* for respondent.

Pugh, Dist. J. This is an action brought to recover on the bond of a depositary, upon which defendants were sureties. The facts are stipulated and so far as material to the issue presented are, substantially, that on December 17th, 1921, the Farmers & Merchants State Bank of Monango, North Dakota, for the purpose of qualifying as a legal depositary of public funds, under the provisions of chapter 56, Sess. Laws 1921, page 109, presented to plaintiff the bond in question. The bond was duly approved and plaintiff, April 24th, 1922, deposited in said bank $2,250 payable one year after date, with interest at the rate of six per cent per annum, and, on the 29th day of March, 1923, plaintiff had on deposit in the bank, in addition to the moneys represented by said first deposit the further sum on checking account of $1,515.28 and amounting in all without interest to $3,755.28. During said period of time H. R. Fox was the treasurer of plaintiff as well as the cashier of said bank. March 29th, 1923, the bank being insolvent, its doors were closed by the State Bank Examiner. A receiver was appointed and took charge on or about the 29th day of September, 1923. October 17th, 1923, the plaintiff's claim against the bank was presented to the receiver, by him allowed, and receiver's certificate in the sum of $3,892.41 was issued to plaintiff, no part of which has been paid.

The bond is as follows:

"NOW THEREFORE if the said Farmers & Merchants State Bank shall well and truly account for and pay over to the said obligee, or to its order, on demand, all funds so deposited with it as such depositary, with interest, if any, as may be agreed upon, and agreeably to the terms of such deposits as being payable on demand or at any particular time, and shall well and truly perform all other obligations and conditions now or hereafter imposed by law on its part to be kept and

performed, then, and in that event, this obligation to be void; otherwise to be and remain in full force and effect.

"Provided, further, that the liability of said sureties shall commence on the date of the execution of this Bond, and shall continue until this Bond shall be abrogated and cancelled by the written consent of the said obligee, provided, however, that said sureties may limit their liability hereunder to such liability as shall arise out of deposits made by said obligee on or before any certain date, to be fixed by said sureties, by giving written notice to the said obligee of said sureties' election so to do at least thirty days prior to such date.

"Provided, further, that the said obligee shall give notice to said sureties of any default on the part of said depositary in its obligations hereby secured within ninety days after knowledge of such default is had by such obligee. Notice as aforesaid shall be made by depositing in the postoffice at the principal place of business of the obligee a letter, properly stamped and addressed to said sureties, giving notice of such default."

Plaintiff and its officers had knowledge March 31st, 1923, of the closing of the bank and of the subsequent appointment of the receiver therefor.

January 16th, 1924, the treasurer of plaintiff drew a check upon said bank for the sum of $1,515.28, the amount of said open checking account, which was presented for payment and payment refused. Thereupon plaintiff gave immediate notice thereof to defendants, and commenced this action January 19th, 1924.

Trial by a jury was waived and the district court gave judgment in favor of the plaintiff as prayed for in its complaint. From this judgment defendants appeal. Their contention is that the closing of the bank on March 29th, 1923, the inquiry made of the treasurer in May, 1923, and the proving of the claim by plaintiff in October, 1923, constitute a default under the terms of the bond and in addition thereto they contend that a demand for payment was made upon the bank in the conversation had with the treasurer, Fox, in May, and when plaintiff's claim was submitted to the receiver of the bank in October, 1923; that it became the duty of the plaintiff to give the notice stipulated in the bond and that failure to give such notice exonerated them as sureties on such bond. They admit that demand was made upon the

bank January 16, 1924, and that they received due notice thereof, but insist that said demand and notice were too late.

The contract in question must be given a reasonable interpretation in accordance with well settled rules of construction, bearing in mind that these sureties are favorites of the law and have the right to stand on the strict terms of their obligation. Comp. Laws 1913, § 6678. The court, in endeavoring to ascertain the precise terms of the contract actually made by a surety, will resort to the same aids and invoke the same canons of interpretation which apply in the case of other contracts. These rules of construction do not require that a strained construction be put upon the plain words of the bond in order that the sureties may escape liability. What the rule demands is that the sureties are not to be bound by implication, or beyond the extent to which they have obligated themselves in the execution of the bond. It is not the duty of the courts to aid them to escape liability by technical or hypercritical construction of their contract. 21 R. C. L. 977; 32 Cyc. 73; 18 C. J. 588; Brandt, Suretyship & Guaranty, § 107; Stevens v. Partridge, 88 Ill. App. 665, 671; Shreffler v. Nadelhoffer, 133 Ill. 536, 23 Am. St. Rep. 626, 25 N. E. 630; Belloni v. Freeborn, 63 N. Y. 383; Blades v. Dewey, 136 N. C. 176, 103 Am. St. Rep. 924, 48 S. E. 627, 1 Ann. Cas. 379. Effect should be given to the mutual intention of the parties as it existed at the time of contracting so far as the same is ascertainable and lawful (Comp. Laws 1913, § 5896), for the main rule of construction is that the intent of the parties as expressed in the words they have used must govern. Harney v. Wirtz, 30 N. D. 292, 152 N. W. 803.

Applying these established principles to the bond in question, it is clear that the mutual intent and purpose of the parties and the main object of furnishing the bond, was to assure plaintiff of the payment to it on demand, or when due, moneys which it would deposit in the bank. Consequently upon the execution, delivery and approval of the bond, the defendants, as sureties, subject to and within the express terms and the intent thereof, became equally responsible with the principal for the payment on demand of the funds so deposited. Comp. Laws 1913, § 6675. So far as is shown by the record, the bank did meet all demands made upon it until March 29th, 1923, at which time it closed its doors. Thereupon all payments were suspended.

Appellant's argument rests principally upon the erroneous assumption that on May 8th, 1923, and again in October, the same year, plaintiff made demand upon the bank for payment of said funds; that such refusal constituted a default under the bond and that, thereupon, they were entitled to the notice of default under the provision for notice set forth in the bond.

The proposition is refuted by the stipulated facts embodied in the settled statement of the case. The parties stipulated: "That after the closing of the bank, H. R. Fox (the treasurer of the plaintiff) remained in the employ of the state examiner in charge, and that on or about the 8th day of May, 1923, Mr. Fox was called before the school board of the plaintiff, and among other things was asked by the said school board in an open meeting thereof: 'Harold, are you in a position to turn over the money of the school district that is in the Farmers and Merchants State Bank?' and he said: 'No,' and then they stated to him: 'that is all we wanted of you.' " At that time an attempt was being made to re-organize and re-open the bank. On the same day the officers of the plaintiff had this conversation with the treasurer, plaintiff's officers signed a "depositors' agreement," so-called, whereby plaintiff agreed to accept the certificates of the bank for the amount of its deposit, payable in installments of twelve, twenty-four and thirty-six months, respectively, after the date thereof. In view of the circumstances disclosed, this inquiry, considered most favorably to appellants, cannot be construed as a demand on the bank for payment. The depositors' agreement referred to reads as follows:

"In consideration of the reorganization and reopening of the Farmers' and Merchants' State Bank, Monango, North Dakota, I hereby agree to accept certificates of deposit for all money due me on time certificates and checking account from the Farmers' and Merchants' State Bank, Monango, North Dakota, 20 per cent of said total amount to be due in twelve months from date of opening of bank, 40 per cent to be due in twenty-four months from date of opening of bank, and 40 per cent to be due thirty-six months from date of opening of bank, said certificates to bear interest at the rate of six per cent per annum to maturity. It is further agreed that these certificates may be retired by the bank before maturity, if local conditions warrant such retirement. We enclose herewith our certificate No. 2019 for $2,250 the

same to be renewed according to the conditions as stated above and also checking account. Dated this 8th day of May, 1923."

(Signed by the school district.)

The plans for the reopening of the bank failed and were abandoned.

It will be noted that the instrument in question embodies no demand or request for payment, nor does the conclusion necessarily follow that because plaintiff signed this instrument and apparently delivered it to the bank, these facts should be construed into a demand for payment of the deposit; for, had the bank been reopened as planned, and though plaintiff had accepted the proposed certificates for its deposit, applying the well settled rules of construction of the bond in question, it could not successfully be contended that the bank would then be in default.

Plaintiff presented proof of its claim to the receiver of the bank. The receiver allowed the claim and issued his certificate of proof thereof, October 17th, 1923. This action on the part of plaintiff was taken for its, as well as appellant's, protection. There is no evidence that demand for payment was made when the claim was presented to the receiver for allowance.

The bond in question is conditioned that the bank shall account for and pay over to plaintiff, or to its order all funds deposited with it as such depositary, *on demand,* agreeably to the terms of the deposit, and shall well and truly perform all other obligations and conditions now or hereafter imposed by law. No other "conditions or obligations" were imposed by law than that of accounting for and paying over to the plaintiff the moneys deposited with the bank, on demand, agreeably to the terms of the deposit. Such is the obligation assumed. Clearly, no other obligation on the part of the bank was in the contemplation of the parties at the time of the execution of the bond. The failure to perform that obligation would constitute the default to which reference is made in the provision for notice.

It is also insisted that by reason of plaintiff's knowledge on March 29th, 1923, that the bank had closed, that on May 8th, 1923, it had the conversation referred to with its treasurer, that on the same day it signed a depositors' agreement, and that finally on October 17th, 1925, its claim against the bank was allowed by the receiver, the plaintiff knew or ought to have known that the bank could not perform its obli-

gations under the bond, and was therefore in default, of which appellants were entitled to notice.

The bond furnishes the answer. It does not, nor was it the intention of the parties that it should, provide that the plaintiff should give notice to the sureties of the insolvency of the bank, of the closing of the bank, nor of its failure to reopen; but it does provide that plaintiff, as the obligee, shall give notice to appellants of any *default on the part of the depositary in its obligations thereby secured.* This provision plainly refers to a failure of the bank to perform its obligations as a depositary, and, under the precise conditions of the bond, giving effect to each clause and word therein, the failure to pay over the funds deposited, on demand, agreeably to the terms of the deposit, constitutes the breach of the bond and the default of the bank to which the clause with reference to notice relates. See 9 C. J. 81; 18 C. J. 588; 21 R. C. L. 1076; Feder Silberberg Co. v. McNeil, 18 N. M. 44, 49 L.R.A. (N.S.) 458, 133 Pac. 976; Fremont County v. Fremont County Bank, 145 Iowa, 8, 123 N. W. 782, Ann. Cas. 1912A, 1220; Redwood County v. Citizens' Bank, 67 Minn. 236, 69 N. W. 912; Henry County v. Salmon, 201 Mo. 136, 100 S. W. 20; First Nat. Bank v. Storey, 200 N. Y. 346, 34 L.R.A.(N.S.) 154, 93 N. E. 940, 21 Ann. Cas. 542; Nelson v. Bostwick, 5 Hill, 37, 40 Am. Dec. 310. The trial judge found that the only demand made by the plaintiff upon the bank for the payment of the money deposited secured by the bond was that made January 16th, 1924, and that notice of the failure of the bank to comply with the demand was given appellants promptly thereafter. The facts stipulated by the parties upon which this case was submitted justify the findings made by the trial judge.

Appellants rely upon the cases of Long v. American Surety Co. 23 N. D. 492, 137 N. W. 41, and Mountrail County v. Farmers' State Bank, 53 N. D. 789, 208 N. W. 380, in both of which cases the bond sued upon provided for notice of default. The facts of these two cases are clearly distinguishable from the case at bar.

In the case at bar the bank had met every demand made upon it by the plaintiff until the 29th day of March, 1923. No other demand is shown upon the record until January 16th, 1924, after which demand, notice was timely given.

It is our opinion that under all of the facts and circumstances as

they appear from the record in this case, the judgment of the District Court should be and the same is affirmed, with costs.

BIRDZELL, Ch. J., and BURKE, NUESSLE, and CHRISTIANSON, JJ., concur.

BURR, J., did not participate; Honorable THOMAS H. PUGH, Judge of the Sixth Judicial District, sitting in his stead.