Nash, C. J.
 

 The case of Banner v. McMurray, 1 Dev. 218, which was decided in 1827, established tho principle, that where a sheriff .appointed a deputy, who gave bond for his faithful conduct during his continuance in said appointment, and the sheriff was reappointed, and the deputy continued to act under him for. several years, without giving any other bond, that the bond given was restricted to the first year, for the deputation then necessarily expired, and Judge Henderson, in his opinion,
 
 *556
 
 expressed the doubt, whether the deputation would not so expire, even if it contained words importing a substitution in future years.. But he treats it as perfectly certain, that it is so when the words are general. It is urged, however, that there is a difference between the words used in McMurray’s bond, and in the one now under consideration. The words in the former are during
 
 Ms continuance in said appointment;
 
 in the present one, they are
 
 during Ms continuance in
 
 office. Wo see no substantial difference in the expressions : both relate to the duties to be performed by the deputy, during the time for which he is appointed. It matters nothing by what words the obligation is created: the principle is, that the deputation is necessarily confined to the official term of the officer appointing; for the reason that the latter could confer no power he himself did not possess. In McMurray’s case, the decision is- put upon the general wording of the bond. The plaintiff’s office of sheriff commenced in September 1840, and extended through two terms, the first ending in September 1843, The bond executed by the defendant Summey, on which the action is brought, is dated in February 1842. In November 1842, a note was placed in his hands for collection, the money due upon it was collected by him, and appropriated to his own use. This money was recovered from the plaintiff, and he now seeks to recover it from the defendant, under his bond of February. The sheriff’s then official term expired in September 1842, and, though he was reappointed, the bond, given by the defendant, did not extend beyond the time for which he was legally deputised. His continuing to act after that time, with the consent of the sheriff, could have no effect on the construction to be put on his bond.
 

 There is error. Judgment reversed, and a
 
 venire de novo
 
 awarded.
 

 Judgment reversed.