GENERAL ELECTRIC COMPANY v. MORGANTON ELECTRIC LIGHT AND POWER COMPANY et al.

(Decided May 26, 1898).

*Corporation—Mortgages—Material Furnished Corporation— Lien—Priority.*

An electric dynamo or other like machinery, perfect in itself and capable of being used in one place as well as in another, is not such "material" as, when furnished to a corporation, will give to the seller a priority over mortgage bonds of the corporation as provided in Section 1255 of *The Code*.

CIVIL ACTION tried before *Starbuck, J.*, at March Term, 1898, of BURKE Superior Court, on an agreed

statement of facts, the material parts of which are stated in the opinion.    From a judgment refusing to allow the plaintiff, the General Electric Company, a priority over the mortgage debts of the defendant Company, the said plaintiff appealed.

*Messrs. Martin & Webb* for plaintiff (appellant).
*Mr. F. H. Busbee* for defendant.

MONTGOMERY, J.: The defendant company had erected a plant upon its own land in Morganton and was engaged in the business of generating electricity for the purpose of furnishing light to its customers, when it became necessary to enlarge the power of the dynamos they were using, in order to serve the increasing patronage of the company.    The dynamos in use were removed from their position and two larger ones were furnished by the plaintiff company and were placed into positions of the ones removed, and fastened by iron bolts to a wooden frame on which the metallic part of the dynamos is built ; the wooden frames with the dynamos fastened thereon is built into a brick foundation and firmly held into position by cement, and connected with the other appliances in the usual way.

The claim of the plaintiff is that it has a lien for the price of the dynamos, from the date of furnishing them, on the property of the defendant, and that the lien is superior to the lien of certain bondholders under a deed of trust which was executed by the defendant company prior to the sale and delivery of the dynamos. The plaintiff further contends that the dynamos constitute "materials" within the meaning of Section 1255 of *The Code,* and that out of the proceeds of the property of the defendant company that may be derived from a

sale of that property, a sufficiency thereof ought to be applied to plaintiff's debt in preference to the payment of the bonds secured in the deed of trust.

We are of the opinion that the plaintiff's claim cannot be upheld. A case exactly like this one (*James* v. *Lumber Co.*) as to the question of law involved has been decided at the present Term. Whether the opinion in chief, or the view of the two Justices who filed concurring opinions, is taken as the true reasoning in the case, is a matter immaterial, for, under either view, the plaintiff cannot recover. The argument of Mr. Martin was strong but we cannot come to the conclusion that a sale of a piece of machinery like a dynamo, perfect in itself and capable of being used in one place as well as another, is "material" under our statutes. If so, there would be no security for creditors who might lend reasonable amounts of money on manufacturing plants. Imprudent changes that might be made in the machinery—in the method of manufacturing—or experiments tried with new machinery—all in good faith—might turn out disastrously to the business and jeopardize or even ruin the security. Besides, as was said in *James* v. *Lumber Co., supra,* the vendors of machinery to be used in manufacturing establishments can protect themselves by retaining title, as by conditional sale, or taking a mortgage on the property sold. Against this last proposition Mr. Martin cited us to the case of *Pierce* v. *George*, 108 Mass., 78. The case sustained him fully, but this Court has laid down a different view of the law, in the case of *Feimster* v. *Johnson*, 64 N. C., 259.

There was no error in the judgment of the Court below, and the same is affirmed.

Affirmed.