JACKSON v. MARTIN.

(Filed October 11, 1904).

1. BONDS—*Officers—States—The Code, sec. 3723—Acts 1891, ch. 505.*

A bond by a clerk executed to the state treasurer individually is not an official bond and does not extend beyond the term during which the clerk was appointed.

2. LIMITATIONS OF ACTIONS—*Suretyship—Bonds—The Code, sec. 155, subsec. 1.*

An action against the sureties on the bond of a clerk for defalcations in the office of the state treasurer is barred after three years.

ACTION by H. W. Jackson, trustee, against W. H. Martin and others, heard by *Judge George H. Brown,* at April Term, 1904, of the Superior Court of WAKE County. From a judgment for the defendants the plaintiff appealed.

*Pou & Fuller* and *F. H. Busbee & Son,* for the plaintiff.
*Argo & Shaffer* and *S. G. Ryan,* for the defendants.

CONNOR, J.   This case was submitted to the Court upon an agreed statement of facts.   W. H. Worth was elected Treasurer of the State to fill the unexpired term of Donald Bain, deceased, who was elected November, 1892.   He qualified January 1, 1895.   The term expired January 1, 1897. On the 28th day of May, 1895, the said W. H. Worth, Treasurer, appointed William H. Martin, one of his clerks, to assist him in the performance of his duty as Treasurer of the State Hospital for the Insane, the School for the Deaf, Dumb and the Blind, the Penitentiary and the Department of Agriculture.   The said Martin, to secure the said Treasurer in the discharge of the duties of said clerkship, executed a bond with the other defendants as his sureties.   The portions of said bond material to the decision of

this cause are as follows: "Know all men by these presents, that the undersigned are held and firmly bound unto W. H. Worth, State Treasurer of North Carolina, in the sum of five thousand dollars, etc. The condition of the above obligation is such that, whereas the above bounden W. H. Martin has been duly appointed by W. H. Worth, State Treasurer, clerk for the penal and charitable institutions of the State of North Carolina: Now, therefore, if the said W. H. Martin shall well and truly perform all the duties of said clerkship, or office, account for all moneys or other property that come into his hands during the time that he holds such position, then and in that case the above obligation to be void," etc. At the election held in November, 1896, the said W. H. Worth was again elected Treasurer for a term of four years, beginning January 1, 1897, and duly qualified January 21, 1897.

That no change was made in relation to the duties of the said Martin, he continuing in the said position. He was required by said Worth to execute a bond in a surety company for the faithful performance of his duties, etc. That said bond was renewed annually until the expiration of the term of office of said Treasurer. Said Martin did not take any oath of office, but performed the duties assigned to him by said Treasurer as clerk to the institutions aforesaid.

That the statute authorizing the employment of said clerk is contained in section 3723 of The Code as amended by chapter 505, Acts 1891. The said section declares that the Treasurer of the State shall be treasurer of the said institutions, and shall be responsible on his official bond for the faithful discharge of his duties as treasurer of each of the said institutions. "The Treasurer shall also be allowed the sum of one thousand dollars per annum to enable him to perform the duties devolving upon him as treasurer of said institutions." That during the years 1895-1896, and in

JACKSON *v.* MARTIN.

that portion of 1897 prior to W. H. Worth qualifying under the election of 1896, the said Martin embezzled and converted to his own use money which came into his hands as clerk to said institutions the sum of $688.67. . That during the said Worth's second term of office, beginning January 21, 1897, and ending in January, 1901, the said Martin embezzled and converted to his own use, in addition to the aforesaid amount, the sum of $15,371.37 of the money coming into his hands as clerk of said institutions. That more than ten thousand dollars of said sum was embezzled by said Martin during the three years preceding the institution of this suit.

That suit was brought on the said bond executed by the surety company and compromised. That the entire loss caused by the embezzlement of said Martin has been made good to the State by plaintiff, and that no part thereof has been recovered from W. H. Martin or any of his sureties, except the amount paid by the surety company. This action was instituted on the 10th day of October, 1901. The defendants pleaded the statute of limitations.

We concur with his Honor that the defendant Martin was not an officer, and that the bond in suit is not an official bond. The statute making the State Treasurer also treasurer of the penal and charitable institutions, expressly provides that his official bond shall be liable for the discharge of his duties, etc. There is no suggestion that he is to have a deputy treasurer. He is allowed one thousand dollars to enable him to perform the duties imposed upon him. This sum he may expend in any way he prefers, so that it be expended for the purpose indicated. The statute is similar to that construed in *Beam v. Jennings,* 96 N. C., 82, providing for clerical assistance in the office of the Secretary of State. "Any bond which by statute is required to be executed by an officer is an official bond." Murfree on Official

Bonds, sec. 166. We do not find in the instrument sued upon any of the incidents or characteristics of an official bond. It is undoubtedly valid as a common law bond, and the sureties are bound according to its terms. We have at this term examined the question and authorities raised and cited in the very excellent brief filed by plaintiff's counsel. *Blades v. Dewey.* It is conceded that if we adhere to the decisions of this Court in *Banner v. McMurray,* 12 N. C., 218, and *Thomas v. Summey,* 46 N. C., 554, the terms of the bond cannot be construed to extend to the defalcations occurring during the second term of Mr. Worth. Treating Martin's employment as a deputation, and this is the most favorable view to the plaintiff, we concur in what is said by *Nash, C. J.,* in *Thomas v. Summey, supra.* "It matters nothing by what words the obligation is created, the principle is that the deputation is necessarily confined to the official term of the officer appointing, for the reason that the officer could confer no power he himself did not possess." There is a distinction between the election of an officer of a corporation by a board of directors for a term extending beyond that for which they are elected and the employment or deputation by a public officer. The first is the act of the corporation by its managing agency, and unless the corporation has restricted its power in its charter there is no reason why it may not by its directors make an appointment of any duration, or at its will and pleasure. The public officer has no such power. Any attempt to farm out or make a contract to employ a deputy or assistant beyond or before the beginning of his term would be contrary to public policy and void. The words in the bond will not be so construed as to suggest that Martin was to be employed by the Treasurer for a longer time than his then current term. The Treasurer seems to have so construed the bond, as he required a new one at the beginning of the second term. This

did not affect the liability of the defendants, but is noted only as showing the understanding and intention of the parties to this contract.

We also concur with his Honor that as to the defalcation occurring during the first term, the action is barred by the statute of limitations.  The Code, sec. 155 (1).  The judgment must be

Affirmed.