This is an appeal from an order overruling a demurrer to the (347) complaint.
The first three allegations in the complaint allege the incorporation of the plaintiff and of the defendants, Longest Tessier Company and the United States Fidelity and Guaranty Company.
The other allegations in the complaint are as follows:
4. That on the 10th day of July, 1918, the defendant, Longest Tessier Company, entered into a written contract or agreement with the County Commissioners of Surry County, North Carolina, for the construction of a courthouse and jail at Dobson, N.C. and such commissioners, complying with the Public Laws of North Carolina, session 1913, chapter 150, section 2, or Revisal, section 2020, of 1905, as thereby amended, demanded that the said defendant, Longest Tessier Company, give bond as required by such statute.
5. That on the 12th day of July, 1918, the defendant, United States Fidelity and Guaranty Company, of Baltimore, Md., for value received, *Page 367 
together with its codefendant, Longest Tessier Company, complying with the demand of the County Commissioners of Surry County, N.C. made, executed, and delivered a bond to the said County Commissioners of Surry County in the sum of twenty-four thousand five hundred dollars ($24,500), the condition thereof being as follows:
That if the principal (Longest Tessier Company) shall faithfully perform the contract on its part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner (County Commissioners of Surry County) from all costs and damages which he may sustain by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expenses which the owner (County Commissioners of Surry County) may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor or materials, then this obligation shall be null and void, otherwise it shall remain in full force and effect.
6. That on the 21st day of October, 1916, the defendant, Longest 
Tessier Company, made, executed, and delivered to the plaintiff, Crane Company, a contract for materials to be used in the construction of the Surry County courthouse and jail, such contract being in words and figures as follows:
GREENSBORO, N.C.
CRANE COMPANY,
Baltimore, Md.
DEAR SIRS: — Please sell and deliver to Comstock Electric Company, Inc., High Point, North Carolina, on your usual credit terms of sixty days net or two per cent for cash, ten days from date of invoice, goods, wares, and merchandise not to exceed $2,044.91 (two thousand and forty-four dollars and ninety-one cents), being quotations for material selected and ordered by the above Comstock Electric (348) Company, Inc., for Surry County courthouse and jail contract at Dobson, North Carolina, and in consideration thereof we hereby guaranty and hold ourselves personally responsible for the payment at maturity for goods, wares, and merchandise, so sold and delivered. We hereby waive notice of acceptance thereof, dates of shipment or delivery and notice of default in payment.
Witness our hand and seal, this ______ day of ______, 1916.
Yours truly,
LONGEST TESSIER COMPANY,
By E. D. Tessier, Treas. *Page 368 
And accompanied said contract with its letter hereto attached, marked "Exhibit B," and made a part hereof.
7. That after the execution of the foregoing contract of 21 October, 1916, and in compliance with the terms thereof, the plaintiff delivered to the said Comstock Electric Company, goods, wares, and building material in the sum of $1,224.04, an itemized statement of which is hereto attached, marked "Exhibit A," and asked to be taken as a part of this paragraph; that all of said materials were used by the said Comstock Electric Company in attempting to carry out the terms of its agreement with Longest Tessier Company in the erection of the Surry County courthouse and jail, which the said Longest Tessier Company contracted to build for the commissioners above named by the terms of its agreement, dated 10 July, 1916, and that all of the materials, an itemized statement of which is set out in "Exhibit A," were used in the construction of said courthouse and jail. (Omitted from record by agreement.)
8. That before the said plumbing contract of the Comstock Electric Company with Longest Tessier was completed the said Comstock Electric Company abandoned the said contract, and failed and neglected to finish the work; that thereupon the said Longest Tessier Company took the materials which the plaintiff had shipped to be used in the construction of said Surry County courthouse and jail, and undertook the completion of the contract which the said Comstock Electric Company had abandoned, but that before it could complete the same and before it could carry out its agreement with the County Commissioners of Surry County, dated 10 July, 1916, and before it could comply with the terms of its guaranty with the plaintiff, as above alleged, the said defendant, Longest Tessier Company, became insolvent and was duly adjudged a bankrupt on the 29th day of May, 1917.
9. That the plaintiff is informed and believes, and so alleges, that by reason of the bond executed by the United States Fidelity 
(349) Guaranty Company, of Baltimore, Md., to the County Commissioners of Surry County, for the benefit of Longest Tessier Company, and by reason of the guarantee executed by the said Longest Tessier to the plaintiff, the said United States Fidelity and Guaranty Company, of Baltimore, and its codefendant, Longest Tessier Company, became liable to the plaintiff for the amount due the said plaintiff for materials furnished by virtue of said guarantee, to the Comstock Electric Company, to be used in the construction of the Surry County courthouse and jail, and that by reason of said bond and guarantee, and the contracts hereinbefore mentioned, the defendants are due and owing the plaintiff the sum of $1,224.04, with interest thereon from 2 February, 1917, until paid. *Page 369 
10. That said Longest Tessier Company is due and owing the plaintiff the sum of $1,224.04 as a balance remaining for materials furnished by the plaintiff to the Comstock Electric Company, to be used in the construction of the Surry County courthouse and jail, under and by virtue of the terms of its guarantee to the plaintiff, as hereinbefore alleged.
Wherefore, plaintiff prays for judgment against the defendants and each of them for the sum of $1,224.04, with interest thereon from 2 February, 1917, together with the costs of this action, to be taxed by the clerk. CLIFFORD FRAZIER,
Attorney for Plaintiff.
The demurrer is as follows:
The United States Fidelity and Guaranty Company, one of the defendants above named, demurs to the complaint filed in this cause on the following ground:
That it appears from the complaint, and upon the face thereof, that the said defendant is not liable to any person for labor or material used in the construction of said Surry County courthouse unless the same is due upon a contract made directly with the said Longest Tessier Company, and that the contract sued on in this case was not made directly with said Longest Tessier Company, but that the goods sued for in this case were sold by the plaintiff directly to the Comstock Electric Company and delivered to said Comstock Electric Company.
JNO. L. RENDLEMAN,
JEROME SCALES,
Attorneys for Defendant,
United States Fidelity and Guaranty Company.
The demurrer was overruled, and the defendant guaranty company excepted and appealed.
The demurrer is based upon that part of the bond in which the defendant agrees that it "shall pay all persons who have contracts directly with the principal for labor or materials," the defendant surety company contending that the plaintiff did not furnish the material, for which recovery is sought, by contract directly with *Page 370 
Longest-Tessier Company, the principal, but that the contract of sale was with the Comstock Electric Company.
The allegations of the complaint are admitted by the demurrer, and they must be liberally construed in favor of the pleader. Brewer v. Wynne,154 N.C. 471.
It is also a correct rule of construction, as insurance contracts are prepared by the insurer, that doubtful and ambiguous expressions will be construed in favor of the insured, if this can reasonably be done. GroceryCo. v. Casualty Co., 157 N.C. 116.
Applying these principles, it seems to us clear that the claim of the plaintiff is protected by the bond of the defendant.
The materials furnished by the plaintiff were ordered by the electric company, but there is no allegation that the order was accepted; and, on the contrary, it appears that there was no sale until the principal gave its guaranty, and this is a guaranty of payment, which imposes an absolute and direct liability and not a guaranty of collection.
As said by Shepherd, J., in Jenkins v. Wilkinson, 107 N.C. 707, and approved in Voorhees v. Porter, 134 N.C. 600: "There is a plain distinction between a guaranty of payment and a guaranty of collection. `The former is an absolute promise to pay the debt at maturity, if not paid by the principal debtor, and the guarantee may begin an action against the guarantor. The latter is a promise to pay the debt upon the condition that the guarantee shall diligently prosecute the principal debtor without success.' Jones v. Ashford, 79 N.C. 173; Baylie's Sureties and Guarantors, 113."
If, therefore, the liability of the defendant was dependant on the language quoted and relied on, we would not hesitate to hold that the allegations of the complaint bring the claim of the plaintiff within the class of contracts for materials made directly with the principal, but the obligations of the bond are broader than this as it is expressly stipulated to "satisfy all claims and demands incurrer for the same," meaning the claims and demands incurred in securing labor and material for building the courthouse, and the allegations of the complaint show that the material furnished by the plaintiff was used for this purpose.
Affirmed.
Cited: Trust Co. v. Wilson, 182 N.C. 168; Whitehead v. Telephone Co.,190 N.C. 199; Chappell v. Surety Co., 191 N.C. 709; Casualty Co. v.Waller, 233 N.C. 538. *Page 371 
(351)