E. V. CHAPPELL AND PRATT LUMBER COMPANY, INC., v. NATIONAL SURETY COMPANY.

(Filed 12 May, 1926.)

1. **Judgments—Estoppel—Roads and Highways—Contracts—Mechanics' Liens.**

Where the nonresident contractor for the building of a county highway has become insolvent and a receiver for its completion of the contract appointed in the state of its residence, and in an ancillary proceedings here before the referee in bankruptcy the surety on the contractor's bond has intervened, and its liability established as to some of the materialmen, the mere fact that certain materialmen have filed their claim in the original cause and obtained their proportionate part of their claims out of the funds in court for that purpose, does not estop them from enforcing their demand against the surety on the bond, when not involved in the scope of the inquiry on adjudication.

**2. Liens—Mechanics' Liens—Roads and Highways—Municipal Corporations—Counties—Principal and Surety—Statutes—Limitation of Actions.**

Under the provisions of chapter 100, Public Laws of 1923, amending C. S., 2445, ch. 150, Public Laws of 1913, and chapter 191, Public Laws of 1915, the bond given to a county by the contractor for the building of a public highway must be for the payment of materialmen, etc., and the statute presumed to be included in the provision of the bond, requiring that the amount of claims of this character be determined in one suit, etc.: *Held*, it was the legislative intent not to bar the rights of such claimants after three years from the time the materials were furnished, but from the time of the completion of the entire contract, and the principle that suit upon the surety bond (under seal) is limited as to its commencement by the limitation of the right of action against the principal, does not apply.

**3. Same—Actions Pending.**

The provisions of chapter 100, Public Laws of 1923, that its requirements as to the liability of the contractor's bond for the construction of a county highway shall not affect existing suits, applies to the remedy, and does not relate to those who have furnished material for the construction of the highway before the enactment of the statute, but have no action pending at that time.

**4. Liens—Mechanics' Liens—Material—Feed for Teams.**

Feed for teams working on a public highway come within the contemplation of the statute as material furnished, making a surety upon the contractor's bond for the building of a county highway liable.

APPEAL by defendant from *Barnhill, J.,* at November Term, 1925, of LENOIR.

The Pratt Lumber Company, the National Surety Company, and the T. H. Gill Company are corporations organized under the laws of the State of New York. On 21 October, 1919, the T. H. Gill Company contracted with the Highway Commission of Lenoir County to construct a road known as the Pink Hill Road and to furnish the necessary supplies and materials, and at the same time executed a bond in the penal sum of $15,000 with the defendant as surety. The bond had this condition: "The condition of this bond is such that if the above bounded T. H. Gill Company shall well and truly keep and perform all the terms and conditions of the foregoing contract hereto annexed, for building road improvements for the county of Lenoir, N. C., on its part to be kept and performed; and shall pay all claims of subcontractors, materialmen, furnishers of equipment or apparatus, foremen, and laborers, any or all arising from the carrying forward, performing and completing the attached contract; and shall indemnify and save harmless the said county and the said Highway Commission of Lenoir County, N. C., and its officers and agents, as therein stipulated, then this obligation shall

be of no effect; otherwise, it shall remain in full force and virtue. It is expressly understood that this bond shall be for the benefit of the materialman or laborer having a just claim, as well as for the benefit of the Highway Commission of Lenoir County, N. C., and the county."

E. V. Chappell performed labor and furnished material and Pratt Lumber Company sold pipe and iron bars, all of which went into the construction of the road; and Churchill & Company furnished feed for the teams. Service of process could not be made on the Gill Company, and the plaintiffs brought suit against the defendant to recover the amounts due on their respective claims. Before the completion of the road the Gill Company became insolvent, and a suit in equity was instituted in the United States District Court for the Northern District of New York in which Douglas V. Ashley was appointed receiver. This was followed by an ancillary proceeding in the United States District Court for the Eastern District of North Carolina in which said Ashley was appointed ancillary receiver. As such he completed the road. When the ancillary receiver was appointed there was in the possession of the Lenoir County Highway Commission and of the State Highway Commission (on another contract) a considerable sum which had been retained as a percentage as the work progressed. In the ancillary proceeding the defendant, National Surety Company, and certain creditors of the Gill Company intervened and the District Court held that the Surety Company had an equity against this percentage and ordered the receiver to transfer the fund to the District Court for the Northern District of New York for distribution under the orders of the latter court. Joseph C. Cheshire, Jr., as special master in the ancillary proceeding reported the various claims filed before him against the Gill Company. These claims were paid by the defendant on account of its liability on its bond. Neither Chappell nor the Pratt Lumber Company filed any claim before the referee, but they did file their claims against the receiver and received a dividend as ordered by the court of original jurisdiction. The verdict was as follows:

1. Did the plaintiff, E. V. Chappell, furnish to T. H. Gill Company labor, materials and supplies used in the building and construction of the Pink Hill Road as alleged? Answer: Yes.

2. What amount, if any, is due E. V. Chappell for labor, materials and supplies furnished to T. H. Gill Company in the building and construction of the Pink Hill Road? Answer: $2,588.07 with interest from July 12, 1920.

3. What was the date upon which E. V. Chappell furnished the labor, materials and supplies to T. H. Gill Company? Answer: Between 1 January and 12 July, 1920.

45—191

4. Did the plaintiff, Pratt Lumber Company, furnish to T. H. Gill Company labor, materials and supplies used in the building and construction of the Pink Hill Road as alleged? Answer: Yes.

5. What amount, if any, is due Pratt Lumber Company for labor, materials and supplies furnished to T. H. Gill Company in the building and construction of the Pink Hill Road? Answer: $4,939.21, with interest from 1 March, 1920.

6. What was the date upon which Pratt Lumber Company furnished the labor, materials and supplies to T. H. Gill Company? Answer: Between 5 December, 1919, and 1 March, 1920.

7. Did the plaintiff, Churchill & Company, furnish to T. H. Gill Company feed for team, which team were then working upon and constructing the Pink Hill Road? Answer: Yes.

8. What amount, if any, is due Churchill & Company for labor, materials and supplies furnished to T. H. Gill Company in the building and construction of the Pink Hill Road? Answer: $437.46, with interest from 8 June, 1920.

9. What was the date upon which Churchill & Company furnished the labor, materials and supplies to T. H. Gill Company? Answer: Between 17 January and 8 June, 1920.

10. What was the date of the completion of the Pink Hill Road by T. H. Gill Company or Douglas V. Ashley, receiver thereof? Answer: 11 August, 1921.

11. Did the plaintiffs, Pratt Lumber Company and E. V. Chappell, or either of them file proof of their claim with Joseph B. Cheshire, Jr., master appointed by the United States District Court for the Eastern District of North Carolina in the ancillary suit in equity, wherein Pratt Lumber Company was the plaintiff and T. H. Gill Company was the defendant, originating in the United States District Court for the northern district of New York? Answer: No.

12. Are either of the plaintiffs, Pratt Lumber Company or E. V. Chappell, estopped from asserting their claims against the defendant National Surety Company? Answer (by the court): No.

13. Are the claims of either the Pratt Lumber Company or E. V. Chappell barred by the statute of limitations? Answer (by the court): No.

14. Are the claims of either the Pratt Lumber Company or E. V. Chappell (or Churchill & Company) barred by reason of failure to file claims with the Highway Commission within six months after the completion of the project? Answer (by the court): No.

All the issues except the 12th, 13th and 14th were answered by consent, and these three were answered by the court as a matter of law.

Judgment was rendered in favor of the plaintiffs, and the defendant excepted and appealed. The assignments of error are referred to in the opinion.

Connor & Hill and Dawson & Jones for plaintiffs.
S. Brown Shepherd for defendant.

ADAMS, J. The appellant assigns for error his Honor's ruling that Chappell and the Pratt Lumber Company are not estopped in this action by reason of their failure to file their claims with the special master appointed in the ancillary cause. In the United States District Court for the Eastern District of North Carolina the Pratt Lumber Company instituted a suit in equity against the T. H. Gill Company, in which intervening creditors prayed the court to adjudge that their claims were entitled to priority in the disposition of the amounts due the receiver over the claims of the defendant's general creditors. Pratt Lumber Co. v. T. H. Gill Co., 278 Fed., 783. It was therein determined that the creditors who had furnished material or performed labor had no priority over the claims of general creditors, and that the respective rights of the National Surety Company (the defendant in this action), the original receiver, the ancillary receiver, and the general creditors were involved in other jurisdictions. The ancillary receiver was directed, after paying certain special claims and the cost of the proceeding, to remit to the original receiver, appointed by the District Court for the Northern District of New York, the fund deposited with the Raleigh Savings Bank and Trust Company, to be subject to the order of the court of original jurisdiction upon the determination by that court of the respective rights of the interested parties. This order was made 26 November, 1923, and on the same day another order was signed in the United States District Court sitting in Raleigh reciting that the defendant herein had filed a statement of claims which it had paid on account of its bonds to the State Highway Commission and the Road Commission of Lenoir County; that these claims had been approved by the special master; and that the defendant herein was entitled to be reimbursed as a contractual right out of the retained percentage existing at the time the receiver was appointed.

It is apparent, we think, that the rights of the general creditors of the T. H. Gill Company were to be worked out and finally determined in the court of original jurisdiction. The question of the Surety Company's liability was not involved in the suit referred to, the object of the original and the ancillary proceeding being to wind up the affairs of an insolvent corporation. We find nothing in the record to show that either court undertook to adjudicate the claims now in controversy.

They were still subject to litigation, and the defendant had a right to contest them. Bispham says, in his work on Equity, sec. 282: "Equitable estoppel, or estoppel by conduct, has its foundation in the necessity of compelling the observance of good faith; because a man cannot be prevented by his conduct from asserting a previous right, unless the assertion would be an act of bad faith towards a person who had subsequently acquired the right." *Boddie v. Bond,* 154 N. C., 359; *Patillo v. Lytle,* 158 N. C., 92; *Patterson v. Franklin,* 168 N. C., 75; *Hardware Co. v. Lewis,* 173 N. C., 290. The plaintiffs, therefore, in our opinion are not estopped.

The defendant contends that the plaintiffs delayed their action for more than three years after the labor was performed and the material was furnished and that they are barred by the statute of limitations. The parties admit, as shown by the verdict, that Chappell furnished labor, material, and supplies to the contractor between 1 January and 12 July, 1920, and that the Pratt Lumber Company furnished labor, material, and supplies between 5 December, 1919, and 1 March, 1920. Churchill & Company brought suit on 7 September, 1923, and the other plaintiffs on 16 May, 1924. The work was finished 11 August, 1921.

The bond sued on was executed under the corporate seal of the principal, T. H. Gill Company, and of the defendant, National Surety Company. An action upon a sealed instrument against the principal thereto must be commenced within ten years; and within three years an action upon a contract, obligation, or liability arising out of a contract as to which no other period is prescribed. C. S., 437(2), 441(1). It has been held that the latter section—the three-year limitation—is available to the surety in a common-law bond as distinguished from an official bond, as well as to the surety in a promissory note under seal. *Welfare v. Thompson,* 83 N. C., 276; *Jackson v. Martin,* 136 N. C., 196; *Kennedy v. Trust Co.,* 180 N. C., 225; *Haywood v. Russell,* 182 N. C., 711. The defendant says, however, that as to the alleged causes against the Gill Company the three-year statute applies; that more than three years intervened between the date of the last work done and the last supplies furnished respectively by Chappell and the Pratt Lumber Company and the commencement of the action, and that the statute of limitations, being effectual on behalf of the principal, is in like manner a defense for the surety. The argument is that every contract of suretyship is based upon an obligation of the principal and that the liability of the surety is to be measured by the obligation or contract of the principal. *Blades v. Dewey,* 136 N. C., 176.

There is authority for the position that as a general rule an action, if barred by the statute of limitations as against the principal debtor, is barred also as against the surety. *Spokane County v. Prescott,* 67

A. S. R. (Wash.), 733; *Kepl v. Fidelity Co.,* 142 Pac. (Wash.), 489; *Auchanpaugh v. Schmidt,* 27 N. W. (Ia.), 805; *Phillips v. Hail,* 118 S. W. (Tex.), 190; *Biddle v. Wendell,* 37 Mich., 452; *Barnes v. Bond-* *ing Co.,* 172 Pac. (Or.), 95; 17 R. C. L., 966. But if in the present case the defendant's bond should be construed as a guaranty of payment under seal (*Crane Co. v. Longest & Tessier Co.,* 177 N. C., 346), the three-year limitation would not apply. *Coleman v. Fuller,* 105 N. C., 328. If we grant, however, as the appellant argues, that the plaintiffs would be barred at the expiration of three years, it then becomes material to determine when the respective causes of action arose; for if the statute began to run at the completion of the work the suits were brought within three years from the time each cause accrued and neither of them is barred. The solution of this question depends upon the interpretation of 3 C. S., 2445. The first part of this statute was enacted in 1913. It was then provided that every municipal corporation letting a contract for erecting, repairing, or altering any building should require the contractor to execute a bond with one or more solvent sureties conditioned for the payment of all labor done on and material and supplies furnished for the work; also that the laborer and the materialman should have the right to sue the principal and sureties on the bond in the courts of this State having jurisdiction of the amount of the bond, and that any number of laborers and materialmen should have the right to join in one suit for the recovery of the amounts due them respectively. Pub. Laws 1913, ch. 150. In 1915 public roads and streets were included (Public Laws 1915, ch. 191); and in 1923 it was provided that the statute should be conclusively presumed to have been written into the bond and that on the bond only one suit should be brought; that the plaintiffs should give the prescribed notice of the pendency of the suit; that all persons entitled to prosecute an action upon the bond should have the right to intervene and set up their respective claims within twelve months from the bringing of the action; that if recovery on the bond should be inadequate to pay the amount found to be due all the claimants judgment should then be given each claimant "pro rata of the amount of the recovery"; and that the surety should have the right to pay into the court for distribution among the claimants the penalty named in the bond and thereby be relieved from further liability. Public Laws 1923, ch. 100.

By conferring authority upon the laborers and the materialmen to sue both the principal and the sureties in the courts having jurisdiction of the amount of the bond, to intervene within twelve months, and, if the bond be inadequate, to share pro rata in the recovery, and by providing that only one suit shall be brought the General Assembly evidently intended to provide the method by which "the payment of all

McNair *v.* Finance Co.

labor done and material and supplies furnished" should be secured and enforced. To this end it is necessary to ascertain the whole sum of the principal's indebtedness, and this can be done with satisfaction only after the work is finished. The statute can be given vitality and all its provisions enforced by holding that the plaintiffs' respective causes of action against the defendant accrued at the completion of the work; and this conclusion in our judgment not only observes the provisions of the statute, but results in the adoption of a sound economic policy. But the accrual of the cause of action at the completion of the work is the effect of the statutory provision and applies only to a suit on the bond; it does not interfere with the right of a laborer or materialman to proceed as heretofore against the contractor. The benefits conferred by the statute in the former case do not interfere with the common-law right to sue upon the contract in the latter.

The plaintiffs' causes of action accrued before the act of 1923 went into effect, but their suits were brought afterwards. The provision that the act should not affect pending suits has no application to the present action; but in any event the provisions merely create new remedies for existing rights. *Gillespie v. Allison,* 115 N. C., 542, 548; *Waddill v. Masten,* 172 N. C., 582.

The claim of Churchill & Company is not barred by the statute of limitations; but the appellant contends that feed consumed by the teams worked by the Gill Company in the construction of the road was not such supplies or material as the statute contemplates. The point has recently been discussed in *Plyler v. Elliott, ante,* 54, and decided against the appellant's position. We find

No error.