C. W. WISEMAN ET AL. v. C. W. LACY ET AL.

(Filed 18 May, 1927.)

**Roads and Highways — Principal and Surety — Indemnity Bonds — Materialmen—Labor—Renting of Necessary Machines and Implements.**

The surety on a contractor's bond for the building of a public road or highway is presumed to have acquainted itself with the character of the road contracted for by its principal, and the local conditions that would affect the cost of its construction, and where its bond includes payment by the contractor of labor and material to be employed or used therein, it is liable to one who has rented to the contractor a steam shovel, boiler, etc., necessary to the construction of the highway under local existing conditions.

APPEAL by Southern Surety Company from *Parker, J.,* at February Term, 1927, of McDOWELL.

Civil action in the nature of a creditors' bill, brought under 3 C. S., 3846(v), to recover of the defendant, C. W. Lacy, road contractor, and the surety on his bond, for materials furnished and labor performed in and about the construction of a road project.

The case was referred to Hon. W. C. Ervin under the statute. Upon the coming in of the referee's report, exceptions were duly filed thereto by the Southern Surety Company, and heard before his Honor, Raymond G. Parker, judge presiding, at the February Term, 1927, McDowell Superior Court, at which time all exceptions to the referee's report were withdrawn save two, the first of which was directed against the claim of Dempster Construction Company for the rental of a steam shovel, and the second was directed against the claim of M. L. Good for the rental of a steam boiler, both the shovel and the boiler being used by the contractor in and about the construction of the road in question.

From a judgment affirming the report of the referee, in which it was held that the bond was liable for both claims, the Southern Surety Company appeals, assigning errors.

*Pless, Winborne, Pless & Proctor for plaintiffs Dempster Construction Company and M. L. Good.*
*Ruark & Fletcher for defendant Southern Surety Company.*

STACY, C. J. On 26 October, 1922, C. W. Lacy, road contractor, entered into a written agreement with the State Highway Commission to construct a section of road in McDowell County, known as Project No. 847, in which it was stipulated, among other things, that for and in consideration of the price agreed upon the contractor was "to provide

and furnish all materials, machinery, implements, appliances and tools, and to perform the work and labor required to construct and complete" said road project; and to insure compliance with the terms and conditions of said "standard State Highway contract" in all respects on the part of the contractor, the State Highway Commission took from the contractor, as principal, and the Southern Surety Company, as surety, a bond in the sum of $37,690, conditioned for the faithful performance of the contract, and that the principal should "well and truly pay all and every person furnishing materials or performing labor in and about the construction of said roadway all and every sum or sums of money due him, them, or any of them, for all such labor and material for which the contractor is liable."

It is found as a fact that "much of the roadbed was blasted through hard rock, and that the steam shovel and the boiler, used to operate the drills, etc., were necessary to the proper performance of the work of construction." The contractor rented the steam shovel from the Dempster Construction Company and the boiler from M. L. Good. The claims for both are now due and unpaid.

The sole question presented by the appeal is whether the renting of these machines to the contractor was "furnishing materials" or "performing labor" in and about the construction of said roadway within the meaning of the bond in suit. If so, it is conceded that the judgment is correct, and ought to be upheld; otherwise, not. We think the judgment must be affirmed on authority of what was said in *Scheflow v. Pierce,* 176 N. C., 91, *Town of Cornelius v. Lampton,* 189 N. C., 714, *Aderholt v. Condon, ibid.,* 748, *Plyler v. Elliott,* 191 N. C., 54, *State Prison v. Bonding Co.,* 192 N. C., 391, and *Overman v. Casualty Co., ante,* 86.

The renting of the machines in question was but the substitution of mechanical power for manual labor. *Taylor v. Connett,* 277 Fed., 945; *Bricker v. Rollins & Jarecki,* 173 Pac. (Cal.), 592; *Hansen v. Remer,* 200 N. W. (Minn.), 839; *Multnomah County v. U. S. F. and G. Co.,* 180 Pac. (Ore.), 104.

In *Miller v. American Bonding Co.,* 133 Minn., 336, a contractor's bond was held liable for the repair of tools and machinery necessarily used on the work, and for the reasonable value of the use of such tools and machinery.

In *Dawson v. Northwestern Construction Co.,* 137 Minn., 352, a surety was held liable for the rental value of horses necessarily used on the work, including the rental value and cost of repair of harness.

In *Title Guaranty and Trust Co. v. Crane Co.,* 219 U. S., 24, recovery was allowed under a contractor's bond for cartage and towage of materials.

In *U. S. Fidelity Co. v. Bartlett,* 231 U. S., 237, where the work contracted for was building a breakwater, recovery was allowed under the bond for labor at a quarry opened fifty miles away, including wages of the men who stripped the earth to get at the stone and who removed the debris, as well as the wages of carpenters and blacksmiths who repaired the cars in which the stone was carried to the quarry dock for shipment, and who repaired the trucks upon which the cars moved. The claims allowed also included the wages of stablemen who fed and drove the horses used in moving the cars.

In *Illinois Surety Co. v. John Davis Co.,* 244 U. S., 376, recovery was allowed under the contractor's bond, not only for the rental of cars, trucks and other equipment used by the contractor in prosecuting his work, but also the expense of loading this equipment, and the freight paid thereon to transport it to the place where the work was done.

In *Brogan v. Nat. Surety Co.,* 246 U. S., 257, recovery against the bondsman was allowed for provisions used by the contractor in feeding his employees, where the location of the work rendered the furnishing of such board necessary.

The principle to be deduced from these and other like decisions is that such bonds are construed liberally for the protection of those who furnish labor and materials in the prosecution of public works (*Electric Co. v. Deposit Co.,* 191 N. C., 653), and it is not thought that the surety can complain at such holding, or that any hardship is imposed thereby, because in entering into the contract the surety is chargeable with notice, not only of the financial ability and integrity of the contractor, but also with notice as to whether he possesses the plant, equipment, and tools required in undertaking the particular work, or will be compelled to rent and hire the same, or some part thereof, all of which matters are factors to be considered in determining the risk, and upon which the surety fixes the premiums exacted for executing the bond. *Sherman v. Amer. Surety Co.,* 173 Pac. (Cal.), 161.

The cases of *Electric Co. v. Power Co.,* 122 N. C., 601, and *James v. Lumber Co., ibid.,* 157, are not at variance with our present decision, for in each of these cases the question involved was the purchase price of machinery, and not its rental value for use only in the particular work.

A careful perusal of the record leaves us with the impression that the judgment is correct, and that it should be upheld.

Affirmed.