WILSON-STAMEY GROCERY COMPANY v. J. B. ROSS, JR., AND
NATIONAL SURETY COMPANY.

(Filed 25 June, 1927.)

**Pleadings—Evidence—Proof—Highways — Roads and Highways — State
Highway Commission—Principal and Surety—Materialmen.**

Where the surety on a contractor's bond given to the State Highway
Commission has expressly obligated itself to pay the materialmen and
laborers in the terms of the bond given therefor as required by the statute,
the surety's liability extends to groceries furnished the contractor for the
supply of the men employed only when such are shown by the evidence to
have been necessary under the circumstances of the case, and where the
complaint sufficiently alleges the facts tending to show this as a necessity,
and there is insufficient evidence to support the allegations, a demurrer
to the evidence on the trial will be sustained.

APPEAL by defendant, National Surety Company, from *Parker, J.*,
at January Term, 1927, of HENDERSON. Reversed.

Action to recover the sum of $2,701.45, upon an account for mer-
chandise sold and delivered by plaintiff to defendant, J. B. Ross, Jr.

At the time of the purchase of said merchandise defendant, Ross, was
engaged in the performance of a contract with the State Highway Com-
mission for the improvement of a certain section of highway known as
State Highway Project No. 835, and located in Henderson County.
Prior to the purchase of said merchandise said defendant had executed
and filed with the State Highway Commission a bond as required by
said Commission, with defendant, National Surety Company, as surety.
One of the conditions of said bond is that defendant, Ross, as con-
tractor, "shall well and truly pay all and every person furnishing ma-
terial or performing labor in and about the construction of said road-
way, all and every sum or sums of money due him, them or any of
them, for all such labor and material for which the contractor is liable."

Said bond is dated 1 June, 1923. Defendant began work under his
contract with the State Highway Commission during the month of
June, 1923, and continued said work until 20 August, 1924. The mer-
chandise was sold and delivered by plaintiff to said defendant from 21
May, 1924, to 18 July, 1924.

In its complaint filed in this action plaintiff alleges: "3. That in order
to carry out said contract or project it was necessary for defendant,
J. B. Ross, Jr., to erect and operate a commissary and to supply same
with groceries and to provide board, in order to properly feed the hands
working on said project, and to retain their services. The camp of said
contractor was necessarily located several miles from any store. The
plaintiff furnished to said J. B. Ross, Jr., groceries aggregating

$2,701.45, which were necessary to and wholly consumed in the prosecution of the work provided for in the contract and bond. The groceries were used in feeding the hands employed on said work and none others, being given to the hands at actual cost and deducted from their wages. The items of tobacco, cigarettes and candy included in the grocery account were given to the hands and deducted from their wages, it being necessary to allot to the hands tobacco, candy, etc., and to feed them in order to keep them in camp and on the job, so the plaintiff is informed and believes and so alleges."

Defendant, National Surety Company, in its answer to the complaint, denies this allegation.

Plaintiff further alleges in its complaint:

"8. That the defendants, by reason of the matters and things herein alleged, are due and owing the plaintiff the sum of $2,701.45, with interest thereon at 6 per cent per annum from 8 August, 1924; that demand has been made upon defendants for the payment of said amount, and that said defendants have failed and refused to pay same."

Defendant, National Surety Company, in its answer, denied this allegation; it alleges that plaintiff never presented its claim in writing or any part thereof to it prior to the institution of this action; it denies, however, liability under the terms of the bond upon which it is surety, for the merchandise sold and delivered by plaintiff to defendant, J. B. Ross, Jr., the principal in said bond.

The issues submitted to the jury were answered as follows:

"1. In what amount, if any, is the plaintiff entitled to recover of the defendant, J. B. Ross, Jr.?  Answer: $2,701.45, with interest from 18 August, 1924.

"2. In what amount, if any, is the plaintiff entitled to recover of the defendant, National Surety Company, as surety?  Answer: $2,500, with interest from 18 August, 1924."

From judgment upon the verdict defendant, National Surety Company, appealed to the Supreme Court.

*Quinn, Hamrick & Harris and Shipman & Justice for plaintiff.*
*Mark W. Brown for defendant.*

CONNOR, J.  Upon its appeal to this Court defendant, National Surety Company, relies chiefly upon its assignment of error based upon its exception to the refusal of the trial court to allow its motion for judgment as of nonsuit, at the close of the evidence offered by plaintiff. No evidence was offered by either of the defendants.

Plaintiff seeks to recover in this action of defendant, National Surety Company, for the merchandise sold and delivered by it to the defendant,

J. B. Ross, Jr., by reason of its liability as surety on the bond executed and filed with the State Highway Commission. This it cannot do, unless the evidence offered at the trial is sufficient to sustain the allegations of the complaint. The material allegations of the complaint, as affecting the surety on the bond, are set out in paragraph 3. These allegations are denied by defendant.

In *Plyler v. Elliott,* 191 N. C., 54, there was evidence tending to sustain allegations identical with those of the complaint in this action. A new trial was ordered in that case, because of error in the instruction of the court to the jury, that if they found the facts to be as testified by the witnesses they should answer the issue involving the liability of the surety on a bond identical with the bond upon which defendant in this action is surety, "No." *Plyler v. Elliott* has been approved in *Trust Co. v. Porter,* 191 N. C., 672, in *Chappell v. Surety Co.,* 191 N. C., 703, in *Overman v. Casualty Co.,* 193 N. C., 86, and in *Wiseman v. Lacy,* 193 N. C., 751. In these cases it is held by this Court, following in that respect *Brogan v. Nat. Surety Co.,* 246 U. S., 257, 62 L. Ed., 703, L. R. A., 1918D, 776, that the basis of the liability of the surety on a contractor's bond, conditioned as the bond in the instant case, for materials furnished or labor performed in and about the construction of the road, which is the subject-matter of the contract, for the performance of which the bond is given, is necessity—that is, that the articles furnished were necessary for the performance by the contractor, the principal in the bond, of his contract with the obligee. Significance was also given in the decisions in these cases to the fact that the articles sold and delivered to the contractor, and alleged to be material furnished, within the meaning of the condition of the bond, were consumed, wholly and exclusively, in and about the construction of the highway.

In *Overman v. Casualty Co., supra,* the surety was held liable to plaintiff for hay, grain, and foodstuffs furnished by plaintiff to the contractor, and consumed by the horses and mules employed by him in performing his contract; for oil and grease furnished by plaintiff to the contractor and used and consumed in the construction of the highway; and, also, for groceries and provisions furnished by plaintiff to the contractor and used and consumed by his employees while engaged in the work of constructing the highway; all of these articles were held to be materials furnished in and about the construction of the highway, because the jury found from sufficient evidence that they were necessaries, and because the jury also found from such evidence that they were furnished for and consumed in the performance of the contract. It was held that defendant in that case was not liable as surety on the bond for candies, cigars, cigarettes, tobacco, ginger-ale and soft drinks, fur-

nished by plaintiff to the contractor, because, upon the evidence, in that case, the jury found that they were not necessary for the performance of the contract.

However, in *Gravel Co. v. Casualty Co.*, 191 N. C., 313, it is held that where plaintiff, under a valid contract, furnished to a contractor material reasonably fit and suitable for the performance of his contract, and such material was necessary for that purpose, the fact that the contractor did not use said material for the purpose for which it was furnished, did not relieve the surety upon the bond containing the same condition as the bond in this case, from liability for the payment of the contract price for the material. The rule would seem to be that where material, reasonably fit and ordinarily required for the performance of the contract, is sold and delivered to the contractor in good faith, to be used and consumed in the work which he has contracted to perform, the surety on the contractor's bond is liable for the contract price of the material, where the bond contains a provision substantially identical with that contained in the bond in this case, notwithstanding that the contractor does not use or consume the material, wholly and exclusively, in the performance of his contract. The furnisher of the material is not required to show that the contractor actually used it, in the performance of his contract, in order to establish liability of the surety on the contractor's bond, for the payment of the sum due by the contractor for the material.

In the instant case the evidence does not show or tend to show that it was necessary for the contractor to erect and operate a commissary and to supply same with groceries in order to secure laborers for the work which he had contracted to do, or to retain them in his service. The testimony of B. D. Wilson, president and general manager of plaintiff, tends to show only that groceries and other merchandise sold by plaintiff to defendant, J. B. Ross, Jr., and constituting a part of the stock of goods kept by him in his commissary, for sale to his employees and others, were sold to and consumed by some of the laborers engaged in work on the highway. The testimony of J. B. Ross, Jr., who testified as a witness for plaintiff, tends to show that he was engaged in the performance of his contract with the State Highway Commission from June, 1923, to August, 1924—in all about fourteen months; that during this time he maintained a commissary or store for only eight or nine months; that this commissary was located about midway of the project, which was approximately seven miles in length; that there was a store at each end of the project, which was accessible to his employees; that these stores carried in stock about the same class of merchandise that he kept in his commissary and that his employees, while at work on the project, bought goods at these stores as well as at his commissary.

The commissary was established and maintained for the convenience of all concerned; goods were sold from the commissary, not only to employees of defendant Ross, but also to others, who wished to buy there.

This witness testified also that during the progress of the work on the highway, he maintained a boarding house or mess-hall for such of his employees as desired to get their meals there. He used some of the groceries and provisions purchased by him from plaintiff in this boarding house or mess-hall. He did not board all of his employees—some boarded with him, and some elsewhere.

He testified as follows: "Any of those men who wanted to buy goods there, went and bought them there; they paid cash, if they had cash to pay, and we charged some of them for goods they bought there. As far as the mess-hall was concerned, some of the men boarded there and some did not. Some would buy their supplies at the commissary and carry them to their homes or wherever they stayed and use them there."

The facts alleged in the complaint are sufficient to constitute a cause of action upon which plaintiff was entitled to recover of defendant, National Surety Company, in this action; the evidence, however, is not sufficient to sustain these allegations. There was no evidence from which the jury could find that the groceries and merchandise sold to defendant Ross, by plaintiff, were material furnished in and about the construction of the highway, for which defendant, National Surety Company, were liable under the terms of the bond.

There was error in refusing to allow the motion of defendant, National Surety Company, at the close of all the evidence, for judgment as of nonsuit. The action against this defendant should have been dismissed.

The judgment rendered upon the verdict that plaintiff recover of defendant, National Surety Company, the sum of $2,500, is set aside and the action as against this defendant is dismissed.

Reversed.