NEW AMSTERDAM CASUALTY COMPANY, A CORPORATION, v. C. P. WALLER.

(Filed 2 May, 1951.)

**1. Indemnity § 1—**

While ordinarily a contract of indemnity refers to and is founded upon another contract, either existing or anticipated, between the indemnitee and a third party, it requires only the two parties of indemnitor and indemnitee and is an original promise by the indemnitor to the indemnitee to make good and save the indemnitee harmless from loss sustained by default or miscarriage of a third party when established by unsuccessful efforts by the indemnitee to collect from him, and creates no obligation to the third party, or to perform the contract of such third party.

**2. Principal and Surety § 1—**

A contract of suretyship requires the three parties of principal, surety and promisee or obligee, and is the collateral promise of the surety superadded to that of the principal which constitutes a direct promise to perform the obligation of the principal in the event the principal fails to perform.

**3. Indemnity § 1—**

An instrument under which one party promises the other party to save such other party harmless from all loss it might sustain by reason of the execution of the performance bond for a construction company in which the first party was a stockholder and also a silent partner in the making of the construction contract, *is held* an indemnity contract and not one of suretyship, and the promise of the indemnitor is an original and direct promise to pay indemnitee loss sustained by it under the performance bond, and further, the interest of the indemnitor in the construction contract was a substantial consideration for the execution of the indemnity agreement.

**4. Indemnity § 6: Limitation of Actions § 6 (h)—**

An action on an indemnity contract under seal is governed by the ten year, G.S. 1-47 (2), and not the three year, G.S. 1-52, statute of limitations.

APPEAL by plaintiff from *Harris, J.,* July Special Term, 1950; judgment signed 18 November 1950, *nunc pro tunc,* WAKE. Reversed.

Civil action to recover on an indemnity bond.

The Parkersburg Construction Company entered into a contract with the State of West Virginia to do certain construction work specified in the contract.

On 1 June 1938, defendant and other officers and stockholders of the Construction Company, for the purpose of inducing the plaintiff to issue its compliance bond assuring the faithful performance of the contract by the Construction Company and as a consideration therefor, executed and delivered to the plaintiff an indemnity bond in which they agreed to

indemnify and save the plaintiff harmless "from and against any and all loss, cost, claim, demand, liability and expenses of whatever kind or nature which it shall at any time sustain, incur, or be put to, for, by reason, or in consequence of" any fidelity bond plaintiff might execute to assure the faithful performance by the Construction Company of its contract with the State of West Virginia. This policy was under seal.

Thereupon, on 15 June 1938, plaintiff executed and delivered to the State of West Virginia its fidelity bond in the sum of $108,125.80, assuring the faithful performance of said construction contract.

The Construction Company defaulted on its contract by reason of which plaintiff was required to expend the sum of $74,872.24. It thereafter recouped $48,003.91, leaving a net loss of $26,868.33. Its cause of action against the indemnitors on account of said loss accrued in September 1941, and this action was instituted 17 September 1948.

The defendant, in his answer, asserts that in executing said indemnity bond he became a surety for the Construction Company and pleads the three-year statute of limitations, G.S. 1-52.

The parties waived trial by jury, stipulated the essential facts, and submitted the cause to the judge for his decision on the facts agreed. By and with the consent of the parties the court took the case under advisement with the understanding that judgment might be rendered out of term and out of the county.

The court, being of the opinion that plaintiff's cause of action is barred by the pleaded statute of limitations, entered judgment that plaintiff recover nothing and that defendant go hence without day. Plaintiff excepted and appealed.

*Bickett & Banks for plaintiff appellant.*

*W. P. Farthing and Basil M. Watkins for defendant appellee.*

BARNHILL, J. The contract sued upon is a contract of indemnity in which the defendant obligates himself to save the plaintiff harmless from any loss it might suffer by reason of its compliance bond issued in behalf of the Construction Company. In executing the same did the defendant become surety for the Construction Company? The court below answered in the affirmative. In this conclusion we are unable to concur.

Contracts of indemnity and of suretyship differ in a number of material repects. In indemnity contracts the engagement is to make good and save another harmless from loss on some obligation which he has incurred or is about to incur to a third party, and is not, as in suretyship, a promise to pay the debt of another. *Somers v. U. S. Fidelity & Guaranty Co.,* 217 P. 746; *Indemnity Co. v. Knott,* 136 So. 474.

A surety is directly and immediately liable for a debt; an indemnitor is liable for the loss established by unsuccessful efforts by the indemnitee to collect from the debtor. *In re Brock,* 166 A. 778. The contract of a surety involves a direct promise to perform the obligation of the principal in the event the principal fails to perform; a contract of indemnity obligates the indemnitor to reimburse his indemnitee for loss suffered or to save him harmless from liability, but never directly to perform the obligation indemnified. *Gill v. Johnson,* 69 P. 2d 1016; *Mahana v. Alexander,* 263 P. 260.

A contract of suretyship requires three parties: the principal, the surety, and the promisee or obligee; while indemnity requires only two: the indemnitor and the indemnitee. *Moore v. Bank,* 264 N.W. 288; 42 C.J.S. 567.

The promise of an indemnitor is original. The promise of a surety is superadded to that of the principal; the first is direct, the second is collateral. *Dozier v. Wood,* 208 N.C. 414, 181 S.E. 336; *Moore v. Bank, supra; Trust Co. v. Cattle Co.,* 286 N.W. 766; 42 C.J.S. 564.

Ordinarily, it is true, a contract of indemnity refers to and is founded on another contract, either existing or anticipated, between the indemnitee and a third party, and the indemnitor covenants to protect the indemnitee from any loss he may incur as a party to such other contract. Yet it is not a contract to answer for the contractual debt, default, or miscarriage of one other than the promisee, but a contract to make good the loss resulting from such debt, default, or miscarriage. *Blades v. Dewey,* 136 N.C. 176; *Howell v. Com'r. of Int. Rev.,* 69 F. 2d 447; *Peterson v. Nelson,* 252 P. 368; *Land Co. v. Handle,* 171 A. 520.

A policy of fidelity insurance insuring an employer against loss on account of the peculations of an employee, or a political agency against the defalcation of an officer is a contract of indemnity. The promisor contracts to make good the loss occasioned by the breach of faith by another. Yet no one would seriously contend that the promisor is a surety and not a principal.

It follows that the contract sued upon is an original agreement executed on an independent consideration and the defendant promisor is a principal. The ten year statute of limitations, G.S. 1-47 (2), is controlling. *Crane Co. v. Longest & Tessier Co.,* 177 N.C. 346, 99 S.E. 8; *Chappell v. Surety Co.,* 191 N.C. 703, 133 S.E. 21; *Garren v. Youngblood,* 207 N.C. 86, 176 S.E. 252; *Coleman v. Fuller,* 105 N.C. 328; *U. S. v. Mitchell,* 74 F. 2d 571.

We do not mean to say that the maker of a contract of indemnity is in all events a principal; that under no condition is he a surety. When, however, the promisor has a personal, immediate, and pecuniary interest in the transaction in which the third party is the original obligor, the

courts will always give effect to the promise as an original and direct promise to pay.

Here, the defendant was not only a stockholder of the Construction Co. having a direct and immediate pecuniary interest in its contract with West Virginia, he was also a silent partner of the Construction Company in making that contract. It is so stipulated in his indemnity agreement. As such he was and is originally, directly, and primarily liable for the payment of the debts of the partnership. Such interest and liability on his part was a substantial consideration for the execution by him of the contract sued upon.

The judgment below is

Reversed.