CASE 46—PETITION EQUITY—JANUARY 17.

# Newby & Taylor vs. Hill & Million.

### APPEAL FROM MADISON CIRCUIT COURT.

1. To constitute an equitable assignment of a debt or other *chose in action*, no particular form is necessary. Any order, writing, or *act* which makes an appropriation of the fund, amounts to an equitable assignment of that fund. An assignment of a debt may be by *parol* as well as by *deed*. (*Story's Eq. Jur.*, sec. 1047.) And it is not necessary to consult the debtor. (*Ib.*, *sec.* 1057.)

2. A parol assignment and appropriation of a fund in payment of a debt to the assignee is valid. (*Perry, &c., vs. Stephenson, &c., MS. opin. winter term,* 1858.)

3. So, also, a person may make a parol assignment or appropriation of a debt as an indemnity to his sureties, who agreed to become bound for him as such upon the faith of such indemnity.

4. The holder of an unrecorded assignment of a debt in trust, or in mortgage, acquires an equity as valid as if such assignment had been recorded; and it will prevail over any subsequent equity to the same fund, although acquired without notice of the previous assignment.

5. The statutes which require the recording of mortgages, &c., of "real and personal estate," do not embrace *choses in action* or claims for debts. (4 *B. Mon.*, 448.) This principle has not been changed by the Revised Statutes.

6. In a contest between equities merely, that which is prior in time must prevail. Attaching creditors acquire only a lien upon or equitable right to the debt in the hands of the garnishee. This equity is subordinate to that of one for whose indemnity as surety of the defendant the latter made a parol assignment or appropriation of the debt before the commencement of the action by the attaching creditor.

7. Where a parol agreement was, that *in the event* one became bound as surety for another, a debt owned by the latter was to go in satisfaction of the liability. The

former acquired no equitable right to the indemnity until he actually became bound as surety, and an equity created by an appropriation or assignment of the debt by parol prior thereto, to a third person, will prevail.

CAPERTON for appellants.

SQUIRE TURNER, for appellees, cited *Story on Bailments, secs.* 288, 297 ; *Parsons on Contracts, p.* 595 ; *Revised Statutes, p.* 197, *sec.* 11.

C. F. BURNAM, on same side, cited *Story on Bailments, sec.* 290, 297 ; 5 *Johns.*, 260 ; 2 *Kent*, 581 ; *Caine's Cases*, 200 ; 2 *Marsh.*, 56 ; 1 *Parsons, pp.* 594–5.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The attachment sued out by the appellees against Lear was levied, among other things, on a debt which Jackson owed Lear for land. Jackson admitted his indebtedness to Lear, and professed his readiness to pay the amount to such person as the court might adjudge entitled to it.

The appellants, Newby and Taylor, were made defendants, and they, by cross petition, claimed that they, together with Haithman, had become bound as the sureties of Lear in a note for $410 to G. B. Million, and that before and at the time of the execution of the note, Lear agreed with them that they should have the debt on Jackson as an indemnity for their said suretyship.

This agreement is proved substantially as alleged, by the testimony of Million and of Lear.

The court below decided that the appellees acquired, under their attachment, an equity superior to that set up by the appellants to the debt in contest, and dismissed their cross petition. To reverse that judgment this appeal is prosecuted.

The doctrine laid down by Story in his Commentaries on Equitable Jurisprudence (*sec.* 1047) is, that in order to constitute an equitable assignment of a debt or other *chose in action*, no particular form is necessary. Any order, writing, or *act*, which makes an appropriation of the fund, amounts to an equitable assignment of that fund. The reason is that the fund, being matter not assignable by law, nor capable of manual possession, an appropriation of it is all that the nature of the case admits of, and, therefore, it is held good in equity.

An assignment of a debt may be by *parol* as well as by *deed*. Numerous authorities in support of this doctrine are referred to in the notes.

The validity of a parol assignment and appropriation of a fund in *payment* of a debt to the assignee, was expressly decided by this court in the case of *Perry, &c., vs. Stevenson, &c., (MS. opinion, Winter Term,* 1858,) in which the principle, as laid down by Story, was approved.   It is true, that in  that case the holder of the fund assented to the assignment of it; but this circumstance did not tend to strengthen the equity of the assignee, for the assignment of a debt does not require the assent of the debtor, whether the assignment be in writing or by parol.   The creditor has a right to dispose of his own property as he may choose, and to require the debt to be paid to such person as he may direct, without any consultation with the debtor, who holds the debt subject to the rights of the creditor.   (*Story's Eq. Juris., sec.* 1057.)

If, then, Lear might have made a valid parol assignment or appropriation of his debt against Jackson in *payment* of a demand against himself, why may he not have made such assignment as an indemnity to his sureties, who agreed to become bound as such upon the faith of that indemnity?   The consideration for the assignment is certainly as meritorious in the one case as in the other, and we are aware of no rule of law or of policy which would forbid a parol assignment for either purpose.   If the agreement under which the appellants claim the fund had been in writing, no question would probably have been raised as to the validity or effect of the transaction.   And it would not have been necessary to have recorded such writing; for it has been expressly decided that the statutes which require the recording of mortgages, &c., of " real and personal estate," do not embrace *choses in action* or claims for debts. (*Bank U. S. vs Huth,* 4 *B. Mon.,* 448.)   There is nothing in the provision of the Revised Statutes requiring the registration of deeds of trust and mortgages conveying a legal or equitable title to " real or personal estate " which at all affects the principle previously settled.   The holder of an unrecorded assignment of a debt in trust, or in mortgage, acquires an equity as

valid as if such assignment had been recorded, and it will prevail over any subsequent equity to the same fund, although acquired without notice of the previous assignment.

It is clear, therefore, that the appellees were not injured by the failure of the appellants to reduce to writing the assignment or agreement (by whatever name it may be designated) under which they assert their prior equitable right to the debt in contest.

In a contest between equities merely, that which is prior in time must prevail. And such is the contest here. The appellees, as attaching creditors, acquired only a lien upon, or equitable right to, the debt in the hands of the garnishee. But this equity is subordinate to that acquired by an assignee of the debt whose equitable right was created before the commencement of the action. (17 *B. Mon.*, 630, *and other subsequent cases to the same effect.*)

The equitable right acquired by the appellants to the debt due by Jackson to Lear, having been created before the commencement of this action, must prevail over the equity created by the attachment in favor of the appellees.

But the appellees themselves rely upon a parol assignment of the debt in contest, alleged to have been made by Lear to them, for the purpose of indemnifying them as the sureties of Lear in a note to J. Haithman. But the proof shows that the agreement between Lear and Hill to this effect was made prior to the execution of the note, and that the agreement was conditional. As stated by the witness, Jackson, "Lear was about to contract a debt with Haithman, and it was agreed between Lear and Hill that my debt to Lear was to go in satisfaction of the debt to Haithman, *in the event* that Hill became bound as the surety in that debt." Now the note to Haithman was not executed until some time in March, and, of course, Hill acquired no equitable right to the Jackson debt, under the agreement with Lear, until he actually became bound as surety of the latter, which was not until after the agreement with, and assignment to, Newby and Taylor of the same debt, and which conferred upon them the prior equity.

The court also erred to the prejudice of the appellants in failing to render judgment in their favor against Thomas

Haithman, who was a defendant to their cross petition, and failed to answer, although duly served with process. He was liable to the appellants to the extent of one third of the debt they had been compelled to pay as sureties with Haithman to Million.

The judgment is therefore reversed, and the cause remanded for further proceedings as indicated in this opinion.