## CAYSE & BOWERS *v.* MORTON & WALKER.

**Creditors' Suits—Attachments Prior Equities.**

Attaching creditors only acquire an equitable right by their attachment, which is subject to be defeated by any prior equity, if presented and litigated in proper time and manner.

**Same—Rescission of Contract—Fraud.**

Upon an exchange of lands, where it is shown one of the parties had practiced fraud and had no title to his portion, the vendee would be entitled to have his conveyance cancelled, and the attaching creditor would obtain no lien thereon.

**Same—Judgment of Rescission—Evidence.**

The judgment, ordering a rescission of contract, in the absence of fraud and collusion, is bona fide evidence and should be admitted in a suit by an execution creditor to subject lands fraudulently obtained from the vendees in an exchange.

APPEAL FROM HICKMAN CIRCUIT COURT.

November 26, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Cayse & Bowers exchanged a tavern and furniture with T. L. Chisman for land, the latter executing his notes, etc., for the difference, $1,000, March 23, 1867, they put their vendee, Chisman, in possession of the tavern, etc.

May 29, 1867, or about two months thereafter, Morton & Walker sued W. W. Weir & Co., alleging that Chisman was one of the firm, on a debt due as commission merchant for corn sold by them, and attached said tavern and furniture for the same, had process and service on Chisman, who made no defense.

July 26, 1869, about two months after Morton & Walker had sued out their attachment, Cayce & Bowers filed a petition against Chisman and Spangle, setting up said exchange and trade, but that Chisman had no title to the land, and a fraud had been practiced on them, and prayed a rescission of the contract, sale and conveyance, and had process and service on Chisman, who answered, confessing the petition, September 18, 1867. Whereupon the court, two days thereafter, adjudged a dresission and cancelment of the trade and conveyance between Cayce & Bowers and Chisman.

December 28, 1867, Morton & Walker, not yet having recovered judgment against Chisman, Cayce & Bowers presented their petition setting up a claim to the attached property, making the judgment and proceedings against Chisman a part thereof, and asked and obtained an order to be made defendant to Morton & Walker's suit against Chisman, but on motion the court struck out that part of said petition, denying that Chisman was a partner of Weir and denying that they had any knowledge or information sufficient to form a belief as to the justness of said debt, to which they excepted.

And on final trial the court refused to regard said record and judgment or receive it as evidence, and also refused to let Cayce & Bowers show otherwise that Chisman had no title to said land, to which they excepted also; and the court having adjudged against them, they have appealed to this court.

As was decided by this court in *Newly & Co. vs. Hill & Co. 2 Met., 530,* attaching creditors only acquire an equitable right by their attachment, which is subject to be defeated by any prior equity, if presented and litigated in proper time and manner.

If Cayce & Bowers were really defrauded they had a right to a

rescission and to have their conveyance cancelled, and having obtained this, Chisman had no interest in the attached property, nor was it subject to his debts or any attaching creditor, though the attachment had been previously sued out.

Morton & Walker acquired no legal title to the property by the levy of the execution, but simply a lien thereon, and this subject to all antecedent equities. If the proceedings and judgment by which Cayce & Bowers obtained the rescission were collusive and not *bona fide,* Morton & Walker could assail them by an amended petition, charging fraud, combination and collusion, but in the absence of such charge these proceedings must be regarded as *bona fide* and legitimate evidence that the conveyance obtained by Chisman from Cayce and Bowers was fraudulent and the court erred in rejecting it, and this, whether or not the motion of the latter to transfer the case to the equity docket had been withdrawn or waived. This view of the case renders it unnecessary to decide whether section 257 Civil Code, authorizing any claimant to present his claim and dispute the validity of the attachment, ever meant to authorize a third party to obtrude a defense to the debt which the debtor himself would not, or did not present, though served with process, without any charge of . fraud, collusion or combination of the attaching creditor and debtor whether in other words, the right to defend the ancilliary remedy of attachment means a right to step into the defendant's shoes and defend the debt in the main action when the debtor himself did not, and probably could not, present under oath such defense, but it is not necessary herein to decide this question.

Wherefore the judgment is reversed with directions for further proceedings consistent herewith.

Judge Hardin dissenting as to the single point raised on striking out a portion of the petition, being of opinion that the court also erred in that particular.

*Rodman, for appellants.*

*Brummall, for appellees.*