JUDGE LINDSAY
delivered the opinion oe the court.
At the time Mrs. Massie became the surety of Massie, Park & Co., on their note to Sebree, they assured her “ that if she would go on the note as surety, they would at any ti'me give her an order on the American Contract Company, or secure her in any'other way she might suggest ” ' When the order was subsequently given this understanding and agreement was referred to and repeated by the parties.
It does not appear that Massie, Park & Co. had any reason at the time they executed their note to Sebree to anticipate the financial embarrassments under which they afterward labored; but it may fairly be inferred, in fact it is morally certain, that they and Mrs. Massie were apprised of their inability to pay all their debts when the order was actually written out and delivered. Their design was undoubtedly to protect her from loss as their surety; and unless she took a vested right under the agreement or promise made at the time she incurred the liability to demand the execution of the order, its execution can be regarded in. no other light than an attempt upon their part (in contemplation of insolvency) to prefer her to other creditors.
If she took this vested right, it was because the agreement as proved operated as an equitable assignment of so much of the benefit of their contract with the contract company as might be necessary to indemnify her.
She did not require them to agree, nor did they expressly agree', in consideration that she would become their surety, that they would assign her any portion of or give her any interest in the moneys' accruing to them on this contract. *239 They told her that they would do so at any time if she would go on their note, or that they would secure her in any other way she might suggest. The kind of security was left a matter of discretion with her, and the contingency upon which any at all was to be given was that she should at any time require it. The matter was evidently left open for future action, in case it should become necessary or desirable. Massie, Park & Co. were morally bound to secure Mrs. Massie, in case she should desire them to do so; but she could not have compelled them by action to indemnify her by an assignment of the benefit of their contract with or by an order on the American Contract Company. If a state of case had arisen authorizing such relief, and she had sued them for indemnity, they could have satisfied her claim as well by any other good and sufficient security as by. an order on said company, or by the appropriation of the funds due them from said company. It must therefore follow that the assurance upon which she acted when she signed the note as their surety was nothing more than an agreement that they would keep her indemnified by the use and application, as she might desire, of a particular fund, in case she should afterward determine to require them to do so.
It was a promise upon the part of the principals to indemnify their surety, but not such a contract as gave her a valid and enforceable claim against the particular fund mentioned at the time. (Corn, &c. v. Sims, &c., 3 Met. 391; Newby & Taylor v. Hill & Million, 2 Met. 530.) We therefore conclude that the execution and delivery of the order to’ Mrs. Massie worked an assignment by the debtors of all their estate for the benefit of all their creditors.
The judgment of the circuit court to this effect must therefore be affirmed.