**John H. ANDERSON and his wife, Mayme L. Anderson, Plaintiffs,**

v.

**ISLAND CREEK COAL COMPANY, Defendant.**

**No. 2337.**

United States District Court
W. D. Kentucky,
Louisville Division.

March 17, 1969.

Earle M. Nichols, of Nichols & Nichols, Madisonville, Ky., for plaintiffs.

William A. Logan, of Gordon & Gordon & Logan, Madisonville, Ky., for defendant.

## MEMORANDUM OPINION, ORDER AND JUDGMENT

JAMES F. GORDON, District Judge.

This matter comes on before this Court on the motion of the defendant, Island Creek Coal Company, to dismiss the complaint as amended by both the first and second amendments thereto for failure to state a claim upon which relief can be granted. As matters outside of the pleadings (affidavits and depositions) have been considered, this motion will be treated as one for summary judgment and disposed of as provided in Rule 56 of the Federal Rules of Civil Procedure. See Rule 12(b), Federal Rules of Civil Procedure.

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332 as the plaintiffs at all times relevant were citizens of the Commonwealth of Kentucky and defendant is a corporation duly created, organized and existing under the laws of the State of Delaware, and at no time had its principal place of business in the Commonwealth of Kentucky.

This is an action instituted by the plaintiffs to recover from the defendant certain royalties claimed to be due under a coal mining lease executed and delivered to Miners Coal Company on October 19, 1951 by L. E. Finley, a widower, now deceased, and his daughter, Margaret F. Asay, then a single woman, which was recorded in the office of the Clerk of the Hopkins County Court in Lease Book 29, at page 307. By the terms of this lease the Miners Coal Company had the right to enter upon several large tracts of land owned by the lessors and by the underground method of mining to mine, remove and market the No. 11 seam of coal therefrom, and were obligated to pay the lessors a royalty of ten cents (10¢) per ton for each ton so mined and removed.

By an assignment dated April 24, 1957, and recorded in the Office of the Hopkins County Court on July 5, 1957, said lease was assigned by the lessee, Miners Coal Company, to Nashville Coal, Inc.

Both of these instruments were of record in the Office of the Clerk of the Hopkins County Court on April 28, 1958, when Margaret F. Asay, then Margaret Finley Kahlow, and her then husband, M. H. Kahlow, conveyed in fee simple approximately 15.93 acres from said lands to the plaintiffs, John H. Anderson and his wife, Mayme L. Anderson, which deed was recorded on April 30, 1958, and is now of record in Deed Book 254, Page 129, Hopkins County Court Clerk's Office. There was no reservation or exception of the minerals or coal in the conveyance to the Andersons.

Subsequently, on May 1, 1965, by document of record in Deed Book 301, Page 183, same Clerk's Office, Nashville Coal, Inc. assigned and transferred the coal mining lease to the defendant, Island Creek Coal Company, and it is now the owner and holder of same.

Sometime after the approximately 15.93 acres of land was conveyed to the plaintiffs Anderson, the defendant mined and removed the No. 11 seam of coal in said land, and it is admitted by the defendant in its answer that the plaintiffs have been paid no royalties for any coal mined or removed from the property described in the complaint; said royalties having been paid by the mining company to the original lessors (Asay now Kahlow).

The sole issue for determination is whether the plaintiffs have established

by the pleadings, affidavits and deposition a genuine issue of material fact as to whether or not proper notice was given to the defendant or the defendant's predecessor in title, Nashville Coal, Inc., the assignee of the original lessee of the coal, of the transfer of the reversionary interest to the Andersons on April 28, 1958.

▬▬▬ It is well established that after executing a lease the lessor's interest in the land is a reversion to which the right to receive rents and benefits under the lease is attached as an incident. A transfer of the reversion carries with it the benefit of leasehold covenants which run with the land and the right to receive rents under an existing lease unless specifically reserved.

▬▬▬ The plaintiffs in this action purchased a reversionary interest in the 15.93 acres described in the complaint, as they could acquire no greater title than the vendors themselves had. As transferees of the reversion, the plaintiffs are given by statute the same remedies for the recovery of rent or the enforcement of any other covenants of the lease as the lessor might have had. Under Kentucky statutory law, it is no longer necessary in order to create privity of contract between the tenant and the grantee, that the. tenant attorn to the grantee. However, mere recordation of the transfer is not legally sufficient to create liability for the rent solely to the grantee. Kentucky Revised Statute § 383.100 provides in part:

"(2) A conveyance or devise of a rent, reversion or remainder shall be valid without an attornment of the tenant, *but no tenant who pays the rent to the grantor before notice of the conveyance shall suffer any damage thereby."* (Emphasis added)

▬▬▬ It is the opinion of this Court that until actual notice of the transfer is given to the tenant, as distinguished from mere constructive notice or that notice imputed by law to the tenant by the mere recording of the transfer, the tenant is statutorily protected in remitting rents or royalties to the grantor.

In Carr v. Smith, 281 Ky. 750, 137 S.W. 2d 415 (1940), the Kentucky Court of Appeals impliedly established this rule. In that case, a wife, grantee of a reversionary interest in a building, sought to recover rent from defendant for the use of a certain storeroom. The property had been leased by the husband, grantor, and the reversion rent had been paid to him for some seven (7) months prior to the time written notice was served on the defendant that rent was payable only to the wife. As the defendant had continued to pay the husband, grantor, the Kentucky Court of Appeals granted the wife recovery, *only* of the rent from the time she gave actual notice, rather than constructive notice by recording her deed, until the time the tenant vacated the premises. The Court ruled that "if the tenant should pay the rent to the grantee before notice of the conveyance, he shall not suffer any damage thereby".

We find the plaintiffs' argument that constructive knowledge is sufficient without more to create liability in the defendant for rent solely to the grantee to be weakened by the plaintiffs' further contention that they were without knowledge, either actual or constructive, of the coal lease, even though both the original lease and the assignment were of record in the Hopkins County Court when plaintiffs acquired the reversionary interest. It is consistent with the old common law maxim of caveat emptor that the grantee must bear the burden of searching title to the conveyance, and most assuredly if anyone should be charged with constructive notice of matters of public record it is the parties plaintiff in this action.

▬▬▬ To hold that mere recordation of the transfer of the reversion is sufficient to meet the notice requirement under Kentucky law would unreasonably require every lessee of every property to examine the record title to properties which they have under lease up until the very instant that the rent or royalties are due to be paid. Only then could tenants insure themselves that they are paying rent to the proper person in order to prevent the possibility of double recovery.

The transfer of a reversion is not unlike an assignment of a chose in action in this respect. The right of a lessor to receive rent may of course be assigned apart from the reversion to a third person as a chose in action. Such an assignment of a chose in action is not embraced by the registry acts and is enforceable without recordation (Bank of U. S. v. Huth, 43 Ky. 423, 4 B.Mon. 423; Newby v. Hill, 59 Ky. 530, 2 Metc. 530), but in order to perfect the assignment of a chose, actual notice must be given to the debtor. Similarly, in the instant case where we find notice simply by recordation of the transfer to impose a burdensome duty on the tenant, actual notice is necessary in order to perfect the grantee's right to rent. It is the opinion of this Court that a plaintiff grantee suing for rents or royalties past due must plead affirmatively that actual notice was given to the tenant of the transfer of the reversion.

 It is clearly established from the affidavits filed in support of the pleadings and from the deposition of the plaintiff John H. Anderson that no actual notice was ever given to the defendant or its predecessor in interest, and that consequently the defendant is entitled to judgment as a matter of law. Plaintiffs allege that proper notice was given in the late spring or early summer of 1961 when William Husk, chief engineer at that time of Nashville Coal, Inc. and West Kentucky Coal Company, inquired of the plaintiff, John H. Anderson, if he owned the land described in paragraph 5 of the complaint.

A. Bill Husk came out there, don't know what his business was. He came out there one Saturday when I was out there working on my garden. He asked me if that was the ground that I owned, and I said, "Yes, sir." He said, "Do you own the coal?" and I said, "If there is any under there I own it, according to my deed." He said, "All right." Deposition, pp. 8–9.

The deposition further reveals that this conversation occurred when Mr. Husk went to the plaintiffs' property on a social occasion. The facts of this circumstance lead to the inevitable conclusion that the plaintiffs had no reasonable grounds to believe that Mr. Husk was held out by the corporation as its authorized representative or that the corporation was bound by his acts. William Husk had no authority, real or apparent, to bind the Nashville Coal, Inc., and consequently even if notice had been given to him, such would constitute no actual notice to the defendant corporation.

Accordingly, it is hereby ordered that summary judgment be entered for the defendant in the above-styled action. Further, it is hereby ordered that the third party complaint of defendant Island Creek Coal Company against Margaret F. Kahlow be and the same is hereby dismissed without prejudice to the plaintiffs, thereby reserving to the plaintiffs the right to pursue such remedies against the grantors as a court of competent jurisdiction may afford them.