Charles M. GREY and Leroy B. Moore, Appellants,

v.

Paul E. WILSON et al., Appellees.

Court of Appeals of Kentucky.

April 8, 1977.

Discretionary Review Granted Sept. 13, 1977.

Charles T. Walters, Winchester, for appellants.

Thomas W. Miller, Miller, Griffin & Marks, Lexington, for appellees.

Before HOGGE, COOPER and REYNOLDS, JJ.

HOGGE, Judge.

This case arises from an action filed by the appellants seeking specific performance under a provision in a lease agreement entered into between the appellants and the appellees' predecessor in interest which provided that, "Should lessor ever desire to sell the leased premises, lessees are given the right to purchase the same at the price which the lessor has been offered  .  .".

Appellees came to own their respective interests in the disputed property by will of Minnie Wilson, mother of Paul and Phillip Wilson, wherein she devised an undivided one-fourth interest to Phillip Wilson; an undivided one-fourth interest to Iness Wilson; and an undivided one-half interest to Paul Wilson. Phillip Wilson subsequently conveyed his interest in the property to Paul Wilson for $15,000.00. Appellant claims this transaction was in violation of his first refusal rights under the lease agreement.

Pursuant to a motion for summary judgment, the trial court ruled, as a matter of law, that the sale by appellee, Phillip Wilson, of his one-fourth interest in the leased premises to his brother, Paul Wilson, was not a "sale" within appellant's first refusal rights under the lease. This appeal is from an accompanying order dismissing plaintiffs' complaint.

This case presents two issues for resolution. First, was the lease agreement enforceable upon appellees? Second, was the transaction a "sale" within the meaning of paragraph 9 of the lease agreement?

■ It is well settled that the lessor of land has only a reversionary interest in the land. The successor in interest of the lessor can, of course, receive no greater interest in the land than that of the lessor. *Anderson v. Island Creek Coal Company,* 297 F.Supp. 283 (W.D.Ky.1969).

■ Furthermore, paragraph 13 of the lease agreement contains the following provision:

All terms, conditions or obligations contained in this lease shall inure to the benefit of the estate, heirs, grantees or assigns of any party herein. . . .

It is, therefore, clear that the lease agreement was enforceable upon the appellees.

The next issue raised by this appeal is whether the transaction between Paul Wilson and Phillip Wilson was a "sale" so as to inure to appellants their first refusal rights?

Both appellants and appellees state that this case presents a question of first impression for this court, and urge that we adopt a rule of law to be applied to disputes of this sort. This court, however, is of the opinion that no new rule of law need be adopted. This dispute can be resolved by the application of well accepted rules of construction of contracts.

■ The "cardinal rule" of construction is, in the absence of ambiguity, a written instrument will be strictly enforced according to its terms. The words of a contract will be given their plain and usual meaning in the absence of evidence indicating the parties intended to assign a different meaning to the term in question. *O'Bryan v. Massey-Ferguson, Inc.,* Ky., 413 S.W.2d 891 (1967); *Cook United, Inc. v. Waits,* Ky., 512 S.W.2d 493 (1974); *Taylor v. Rosenthal,* 308 Ky. 4, 213 S.W.2d 435 (1948).

■ The Circuit Court concluded the transaction, whereby Phillip Wilson conveyed his undivided one-fourth interest in the property to his brother, Paul Wilson, "was not a 'sale' in its normal meaning and . . . was not a 'sale' within the meaning of paragraph 9 of the lease agreement . . . ." It is undisputed that consideration in the amount of $15,000.00 was paid by Paul Wilson to Phillip Wilson for the property and that a deed was duly executed and recorded to reflect the sale. According to *Webster's Dictionary,* "sell" means "to give up (property) to another for money or other valuable consideration." The transaction we are here concerned with certainly falls squarely within that definition.

■ We find no merit in appellees' contention that "sell" was intended to mean a conveyance of an interest in the property to a person outside the lessors' family. There can certainly be "sales" among members of a family. Furthermore, there is nothing in the instrument or in the record to indicate that the parties intended such meaning be attached to that term.

■ By this transaction, Phillip Wilson divested himself of all his interest in all the property; Paul Wilson acquired title to all of Phillip Wilson's interest in all the property and a substantial, not nominal, consideration was paid. These are factors indicating the parties were dealing at arm's

length and thereby consummated a sale of an interest in real property. Additionally, we find no authority for, and no merit to, the appellees' contention that a transfer of less than all of the property is not a sale. To hold otherwise would allow the joint owners of this property, or any other owners so situated, to prolong and delay a sale ad infinitum.

This opinion does not address the questions of whether the lessees thereby attained the right to purchase an interest in the entire tract or whether their rights were limited to the leased premises; or, if lessees' interest is limited to the leased premises, how to fairly apportion the total purchase price between that property which the lessees could attain no interest in, and the leased property, which the lessees may now seek to purchase.

These difficult questions, however, have not yet been decided by the lower court and, properly, were not raised in this appeal. This court, therefore, is constrained not to address those issues.

Accordingly, we hereby reverse the judgment of the Clark Circuit Court and remand the case to that court for further proceedings consistent with this opinion.

All concur.