Paul E. **WILSON**, etc., et al., Movants,

v.

Charles M. **GREY** et al., Respondents.

Supreme Court of Kentucky.

Jan. 10, 1978.

---

Thomas W. Miller, Miller, Griffin & Marks, Lexington, Robert Lee Rose, Winchester, for movants.

Charles T. Walters, Winchester, for respondents.

PALMORE, Chief Justice.

This is a suit by the lessees of real estate for specific performance of a "right of first refusal" giving them a right to buy the leased property in the event the lessor chose to sell it. The Court of Appeals reversed a judgment of the trial court denying such relief. See *Grey v. Wilson*, Ky.App., 554 S.W.2d 867 (1977). Having granted a motion for discretionary review, this court now reverses the decision of the Court of Appeals and affirms the judgment of the trial court.

Minnie Wilson owned a 17.63-acre tract of land. In 1971 she leased an unimproved half-acre portion of it to Charles M. Grey and Larry B. Moore for use as a car-wash and gasoline service station. The lease contained this provision:

"Should lessor ever desire to sell the leased premises lessees are given the right to purchase the same at the price which lessor has been offered for the premises. Such option must be exercised within ten days from such notification by lessor, in writing. It is understood that such sale may include lessor's real estate adjoining the leased premises."

The lease provided an initial term of 10 years with options for two 5-year renewals. The lessees constructed improvements on the property costing $83,000.

The lessor, Mrs. Wilson, died testate in 1973, devising the 17.63-acre tract, including the leased premises, to her sons, Paul Wilson and Philip Wilson, and to her former daughter-in-law, Iness Baber Wilson, in the following proportions: an undivided one-

half interest to Paul and an undivided one-fourth interest each to Philip and Iness. On January 15, 1975, without notice to the lessees, Grey and Moore, Philip sold and conveyed his one-fourth interest in the tract to Paul for a consideration of $15,000.

The sole question in the case is whether this sale from one of the lessors to another constituted a sale of the premises within the meaning of the "first-refusal" clause of the lease. We think it did not.

The opinion of the Court of Appeals placed great emphasis on the definitions of "sell" and "sale," but the word "sell" as used in the lease cannot be construed without reference to the rest of the sentence in which it appears. When the lease was executed there was but one "lessor." Obviously a "sale" could have been made only to a person or persons other than that lessor. When she died Paul, Philip and Iness became the collective "lessor," and the sale of Philip's share to Paul was not a sale to a person other than the lessor. The transfer did not place any of the landlord's reversionary interest outside the ownership of the existing "lessor."

Other courts have reached conflicting results with respect to similar issues. See annotation at 73 A.L.R.3d 203, 212. Our conclusion is that in the absence of introducing a new party as one of the lessors there was no sale by the "lessor" under the terms of this lease.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

All concur.